ASKINS v. OVERHOLSER.

No. 9565.

United States Court of Appeals
District of Columbia.

Decided May 24, 1948.

Mr. James J. Laughlin for appellant.

Mr. George Morris Fay, United States Attorney, and Mr. Sidney S. Sachs, Assistant United States Attorney, for appellee. Mr. Oliver Dibble, Assistant United States Attorney, also entered an appearance for appellee.

Before STEPHENS, CLARK and PRETTYMAN, Associate Justices.

STEPHENS, Associate Justice:

This is a motion by the appellant Askins for reconsideration of an order entered by this court on August 6, 1947, and for leave to proceed in forma pauperis. The order of August 6 denied a motion theretofore made by Askins to be allowed to proceed on appeal on an "agreed" statement of evidence. For an understanding of the present motion a survey of previous proceedings is necessary:

Askins was indicted by a grand jury in the District Court of the United States for the District of Columbia for murder in the first degree. Upon an inquiry into his sanity he was found to be of unsound mind and on April 12, 1939, was committed to St. Elizabeths Hospital in the District of Columbia where he is now confined. On November 14, 1946, Askins filed in the District Court a petition for a writ of habeas corpus directed to the appellee Overholser, Superintendent of St. Elizabeths, seeking release from confinement upon the ground that his sanity was restored and his continued confinement therefore illegal. A writ was issued and a return made by Overholser denying restoration of sanity. Upon the issue thus joined a hearing was had in the District Court on January 23, 27, 28 and 30, 1947. The proceeding was stenograph

ically reported, but no complete typewritten transcript was prepared.[1] On January 30, the trial court found Askins to be of unsound mind, ruled that the commitment proceeding should not be reopened, and ordered the writ discharged and Askins remanded to Overholser's custody in St. Elizabeths Hospital. On February 3, 1947, Askins applied to the District Court for leave to appeal from this order in forma pauperis. The application was based upon 28 U.S.C. § 832 (1940) providing:

Any citizen of the United States entitled to commence any suit or action, civil or criminal, in any court of the United States, may, upon the order of the court, commence and prosecute or defend to conclusion any suit or action, *or an appeal to the circuit court of appeals*, or to the Supreme Court in such suit or action, including all appellate proceedings, *unless the trial court shall certify in writing that in the opinion of the court such appeal is not taken in good faith, without being required to prepay fees or costs or for the printing of the record in the appellate court or give security therefor*, before or after bringing suit or action, or upon appealing, upon filing in said court a statement under oath in writing, that because of his poverty he is unable to pay the costs of said suit or action or appeal, or to give security for the same, and that he believes that he is entitled to the redress he seeks in such suit or action or appeal, and setting forth briefly the nature of his alleged cause of action, or appeal. In any criminal case the court may, upon the filing in said court of the affidavit hereinbefore mentioned, direct that the expense of printing the record on appeal be paid by the United States, and the same shall be paid when authorized by the Attorney General. [Italics supplied]

On February 4 the District Court denied Askins' application and certified that the appeal sought was not being taken in good faith. The certificate was made upon the ground that "the matter sought to be reviewed involved primarily a determination of fact which had been decided adversely to the petitioner and, further, counsel for said petitioner frankly stated that the appeal was being taken also for the purpose of seeking a reversal by the Court of Appeals

of its recent pronouncements in the cases of *Dorsey* v. *Gill*, 80 U.S.App.D.C. 9 [148 F.2d 857], and *Overholser* v. *De Marcos*, 80 U.S.App.D.C. 91 [149 F.2d 23]." In those cases this court ruled that, in hearings upon writs of habeas corpus involving an issue of restoration of sanity of a person confined in St. Elizabeths Hospital upon a commitment for insanity, if the District Court finds that the petitioner is of sound mind it must nevertheless not forthwith enter an order of discharge from the confinement but must require a reopening by the Commission on Mental Health of the commitment proceedings; that if that Commission finds sanity restored the court is then to enter an order of discharge.

After the denial by the District Court, on February 4, of his petition for leave to appeal in forma pauperis from the order of January 30, Askins on February 14, 1947, applied to this court for leave to appeal in forma pauperis. For lack of the showing required by Waterman v. McMillan, 1943, 77 U.S.App.D.C. 310, 135 F.2d 807, and Spruill v. Temple Baptist Church, 1944, 78 U.S.App. D.C. 324, 141 F.2d 137, that the District Court's certificate that the appeal was not taken in good faith was itself not made in good faith or was without warrant, this court on March 13, 1947, denied the application. Then, on April 25, notice of appeal from the order of January 30 was filed by Askins in the District Court, his counsel personally paying the filing fee, and thereafter, on June 5, a preliminary record—containing only copies of the order of January 30 and of the notice of appeal—was filed in this court. Also on June 5 Askins filed a motion in this court to be allowed to proceed upon what he termed an "agreed" statement of evidence. This was not, however, a statement approved by the District Court and certified as the record on appeal pur-

---

[1] Pertinent provisions of the statute concerning court reporters and their duties are as follows: "(b) ... Upon the request of any party to any proceeding which has been so recorded and who has agreed to pay the fee therefor or of a judge of the court, the reporter shall promptly transcribe the original records of the requested parts of the proceedings and attach thereto his official certificate and shall then deliver the transcript to the party or judge making the request.
. . ..

"(c) ... Fees for transcripts furnished in criminal or habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose . . . . Except as to transcripts that are to be paid for by the United States, the reporter may require any party requesting a transcript to prepay the estimated fee therefor in advance of delivery of the transcript." (28 U.S.C. § 9a (b), (c) (Supp. V 1946).

suant to Rule 76, Federal Rules of Civil Procedure, 28 U.S.C.A.[2] It was apparently an attempted compliance with Rule 75(c), providing in part that "A party may prepare and file with his designation a condensed statement in narrative form of all or part of the testimony, and any other party to the appeal, if dissatisfied with the narrative statement, may require testimony in question and answer form to be substituted for all or part thereof." No statement of the points on which Askins intended to rely in the appeal was included in the motion of June 5, and no such statement has ever been filed in this court; but it was averred in the motion that in the hearing before the District Court on the petition for the writ of habeas corpus and the return thereto three psychiatrists testified that Askins was of sound mind and two that he was of unsound mind, and it was asserted that "the question to be decided on this appeal is whether there was sufficient showing before Judge Keech [the trial judge] in the light of the Dorsey and De Marcos cases to justify the reopening of the commitment"; and it was stated that it was sought by the appeal "to accomplish . . . the overruling of the Dorsey vs. Gill and Overholser vs. De Marcos cases . . . ."

To Askins' motion of June 5, the District Attorney, as counsel for Overholser, on June 13, filed in this court an opposition asserting that the "agreed" statement was not an agreed statement and that it was inadequate as a basis for review. On June 17 Askins filed a reply to the opposition in which he conceded that "There has in fact been no agreed statement of evidence," and

in which he stated that "In accordance with the present Rules of Civil Procedure" he had filed in the District Court his "statement of evidence." On June 20, 1947, there was filed in this court for Askins by his counsel a supplement to the motion of June 5. In this supplement there was set forth a letter of June 17, 1947, from the District Attorney to counsel for Askins requiring that, pursuant to the provisions of Rule 75(c), referred to above, the testimony in the habeas corpus hearing, in question and answer form, be substituted for the "statement of evidence" filed in the District Court; and it was stated that "we [the parties] are unable to agree on a statement of evidence and the judge being without notes is unable to aid us. It would seem, therefore, that the matter should be settled by this Court." On August 1, 1947, the District Attorney for Overholser filed a memorandum supplementing the opposition of June 13. On August 6 this court denied Askins' motion of June 5; the court also extended the time for filing the record in this court to September 30, 1947. The denial of the motion was "without prejudice, however, to appellant's preparing and filing in the District Court with his designation of record a statement of his points on appeal and a further and more complete statement of the testimony in narrative form which may be satisfactory to appellee or which, if not satisfactory to appellee, may be submitted to the trial judge for settlement under Rule 75(h) of the Federal Rules of Civil Procedure." [3]

Thereafter Askins' counsel prepared and submitted to the District Attorney as counsel for Overholser and presented to the District

---

[2] Rule 76 provides: "Record on Appeal to a Circuit Court of Appeals; Agreed Statement. When the questions presented by an appeal to a circuit court of appeals can be determined without an examination of all the pleadings, evidence, and proceedings in the court below, the parties may prepare and sign a statement of the case showing how the questions arose and were decided in the district court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the questions by the appellate court. The statement shall include a copy of the judgment appealed from, a copy of the notice of appeal with its filing date, and a concise statement of the points to be relied on by the appellant. If the statement conforms to the truth, it, together with such additions as the court may consider necessary fully to present the questions raised by the appeal, shall be approved by the district court and shall then be certified to the appellate court as the record on appeal."

[3] Rule 75(h) then provided as follows: "Record on Appeal to a Circuit Court of Appeals. ... (h) Power of Court to Correct Record. It is not necessary for the record on appeal to be approved by the district court or judge thereof, but, if any difference arises as to whether the record truly discloses what occurred in

Court a so-called "Additional Narrative Statement of Evidence" consisting of seven and a fraction pages, together with a transcript of the proceedings of Thursday, January 23, 1947 (i. e., the first of the four days, specified above, of the habeas corpus hearing) ; and Askins' counsel filed in the District Court a "Statement of Points on Appeal." In opposition to the "Additional Narrative Statement of Evidence" the District Attorney in writing asserted that such statement was not a complete and true presentation of the evidence at the hearing on the writ, and that Overholser himself (apparently a witness at the habeas corpus hearing) did not have a recollection of the evidence sufficient to form a narrative statement. The District Attorney therefore in Overholser's behalf submitted that Askins be required to comply with Rule 75(c). In argument to the District Court counsel for Askins asserted that the "Additional Narrative Statement of Evidence" constituted his best recollection of the evidence at the habeas corpus hearing but conceded its lack of completeness, and also admitted that it in part reflected a review by him of testimony in another case involving Askins. The District Attorney urged that "of the four statements of points on appeal,[4] three relate to purely factual matters, and that a proper review would require a fuller statement of the evidence than that given by petitioner-appellant [Askins] or which could be supplied by the United States Attorney."

The trial judge then, in a "Memorandum In Re Proposed Narrative Statement of Evidence," first stating that "The Court at this point is without sufficient recollection of the factual situation as of January, 1947, to supplement adequately the 'Additional Narrative Statement of Evidence' proposed by petitioner-appellant," ruled:

Inasmuch as the statement proposed is not complete, and particularly in view of the fact that the principal questions sought to be determined on appeal are factual, requiring a complete record to enable the appellate court to pass appropriately upon those questions, this Court is not in a position to certify the proposed additional narrative statement as truly disclosing what occurred in the District Court and, further, is unable to so supplement said narrative statement as to make truly disclosed what occurred in the District Court.

It is my considered opinion that an adequate record for review of this cause cannot be had without making available the full transcript of the proceedings. The question, therefore, is whether there is a duty upon the Court, the Government, or upon the party seeking a review to obtain such a transcript.

In view of the fact that this Court has determined that the facts did not warrant the petitioner-appellant to proceed in forma pauperis, which determination has been upheld by the appellate tribunal, it is my view that the burden of obtaining the transcript is upon the petitioner-appellant. To conclude otherwise would be to permit petitioner-appellant to circumvent, so far as the transcript is concerned, the denial of his right to appeal in forma pauperis.

This memorandum was dated August 29, 1947.

The present motion of the appellant for reconsideration of the order of August 6, 1947, asks this court to reconsider and re-examine "the facts and circumstances of his [Askins'] case," and moves again, "in view of the circumstances, to be permitted to proceed in forma pauperis, and, since the trial court has been unable to settle the statement of evidence, that the matter be settled by this Court." The motion is accompanied by a new petition for leave to proceed in forma pauperis in which Askins reiterates that "he believes that under the rulings of this Court in Dorsey vs. Gill and Overholser vs. De Marcos . . . the commitment should have been reopened, which would have paved the way for a jury trial" and in which he "says unto the Court that in his appeal he is asking this Court to reconsider and overrule the opinions of this Court in Dorsey vs. Gill and Overholser vs. De Marcos."

---

There are three questions on the present motion for reconsideration of the order of

the district court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record on appeal by error or accident or is misstated therein, the parties by stipulation, or the district court, either before or after the record is transmitted to the appellate court, or the appellate court, on a proper suggestion or of its own initiative, may direct that the omission or misstatement shall be corrected, and if necessary that a supplemental record shall be certified and transmitted by the clerk of the district court."

4 As pointed out above no points on appeal have been presented to this court.

August 6, 1947, and for leave to proceed in forma pauperis:

■ (1) Can we say that the certificate of the District Court that the appeal was not taken in good faith was either itself not in good faith or without warrant? If not, we cannot under the statute, 28 U.S.C. § 832 (1940), as construed by Waterman v. McMillan and Spruill v. Temple Baptist Chuch, supra, allow the appeal in forma pauperis. There is nothing before us showing lack of warrant for, or lack of good faith in, the District Court's certificate. The certificate was obviously founded in part upon the fact that the evidence at the habeas corpus hearing was in conflict on the issue of sanity, and that as there was thus evidence to support the finding of insanity, the review would in this aspect of the case be futile. The motion does not assert that the evidence upon which the District Court relied in its finding of insanity was insubstantial, perjured, self-contradictory or for any reason unworthy of belief. It is suggested that the certificate was not in good faith because the trial judge apparently did not at the time of making the "Memorandum In Re Proposed Narrative Statement of Evidence" have a recollection of the evidence in the habeas corpus hearing. But as appears above the certificate was made immediately after the hearing, to wit, on February 4, 1947, whereas the "Memorandum In Re Proposed Narrative Statement of Evidence" was made on August 29, 1947. It is no evidence of lack of good faith in his making the certificate that the trial judge approximately seven months later did not have a sufficiently vivid recollection of the evidence at the habeas corpus hearing to supplement adequately the "Additional Narrative Statement of Evidence" proposed by Askins. The recollection of Askins' counsel and of Overholser was likewise insufficient to supplement the narrative. The certificate was based also upon the ground that Askins' counsel was frankly seeking to appeal in order to obtain reconsideration and possible overruling of the Dorsey and De Marcos cases, and apparently upon the conclusion of the District Court that in this respect there was no basis for the appeal. This conclusion of the District Court is not shown by the motion for reconsideration to have been incorrect. Moreover, it was correct. In view of the rulings in those cases, as stated above, only if the District Court had found in the habeas corpus proceeding that Askins was *sane,* but had refused in view of the Dorsey and De Marcos rulings to order his discharge and had remanded him for further hearing to the Commission on Mental Health, would there have been presented to this court on appeal from the order in the habeas corpus proceeding, a question as to the correctness of the rulings in those cases. But the District Court did not find that Askins' sanity was restored; the court found that it was not, and remanded him to the custody of Overholser at St. Elizabeths Hospital. The appeal therefore does not present a basis for reconsideration of the Dorsey and De Marcos decisions.

■ (2) Can this court settle the narrative statement of the evidence? The answer to this is in the negative. Rule 75 (h) contemplates settlement of the record by the District Court, not by this court. Moreover, this court has not heard the evidence and has not read it, there having been no transcript of the same presented.

■ (3) Can this court act under Rule 76? The answer is in the negative. There is no agreed statement. Moreover, Rule 76 empowers the District Court, not this court, to approve an agreed statement.

It is not to be concluded from this opinion that the losing party in a case in the District Court whose application to that court for leave to proceed on appeal in forma pauperis has been denied with a certificate by the trial court that the appeal sought is not being taken in good faith is totally without recourse. Such a party may follow the procedure taken by the appellant in Waterman v. McMillan, cited above, and make, or attempt to make, the showing referred to in the opinion in that case. This, indeed, was attempted in the instant case. But we think that the showing is insufficient and that the appeal, as the District Court certified, is not taken in good faith. The time of neither the District Court nor of this court should have been occupied with the attempts to proceed on the appeal in forma pauperis.

The motion is denied.