**In re SPEARS.**

**No. 11172.**

United States Court of Appeals
Sixth Circuit.

Dec. 5, 1950.

Isaiah H. Spears, Pasadena, Cal., pro se.

Before HICKS, Chief Judge, and MARTIN and MILLER, Circuit Judges.

PER CURIAM.

This is an appeal from an order entered on September 7th, 1949, in the United States District Court for the Eastern District of Michigan, Southern Division, directing that the name of the appellant, Isaiah H. Spears, be stricken from the roll of attorneys licensed to practice in that court.

It appears from the record that an appropriate show-cause order was entered in the court and served by the United States Marshal upon appellant, who responded thereto and had his day in court at an appropriate hearing. The district court found that, although he maintains an office in Michigan and practices law in that state, appellant is not licensed to practice there. The court found further that appellant is not entitled to practice in the aforementioned United States Court for the reason that an examination of his activities as a practicing attorney throughout several states of the United States proves conclusively that his professional character does not appear to be good. The record shows further that the Circuit Court for the County of Oakland, Michigan, on October 28, 1946, ordered the name of appellant stricken from its roster of practicing attorneys, holding that he had been permitted to practice in that court, in a certain will contest, through fraud and misrepresentation on his part, in consequence of which the order admitting him to practice was revoked. The Supreme Court of Michigan denied appellant's application for leave to appeal from the order of the Circuit Court of Oakland County, Michigan.

The order of the United States District Court from which this appeal is taken is in consonance with Local Rule I of that court, and it is obvious that the district judge was empowered to enter the order in question; and, upon the record before him, properly did so.

Accordingly, the judgment of the district court is affirmed.