## BELT et al. v. HOLTON.

### No. 11169.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 27, 1951.

Decided Jan. 17, 1952.

James F. Bird, Washington, D. C., for appellants.

Earl H. Davis, Washington, D. C., for appellee.

Before STEPHENS, Chief Judge, and WILBUR K. MILLER and BAZELON, Circuit Judges.

STEPHENS, Chief Judge.

This motion by the appellants to direct transmission of a supplemental record relates to the record being prepared for transmission to this court in an appeal taken from a judgment of the United States District Court for the District of Columbia. The judgment was entered against the appellants, as defendants below, after a trial without a jury. After the appellants had filed, under Rule 73(a), Federal Rules of Civil Procedure, 28 U.S.C.A., their notice of appeal they filed also in the district court, pursuant to Rule 75(a), a designation of those portions of the record, proceedings and evidence to be contained in the record on appeal, including certain items described as numbers 10, 11, 12, 17 and 22. Item 10

is a demand for a jury trial filed by the appellants. Item 11 is a motion filed by the appellee, as plaintiff below, to strike the demand for a jury trial. Item 12 is an order of the district court overruling without prejudice the motion to strike the demand. The demand and the motion to strike it had been filed, and the order denying the motion to strike had been entered prior to the pre-trial proceeding. Item 17 is a flat folder containing copies of certain letters and an income tax return. Item 22 comprises portions of a record in a probate proceeding. After the filing by the appellants of their designation of record the appellee filed a motion to strike certain portions thereof including Items 10, 11, 12, 17 and 22. As directed against Items 10, 11 and 12, this motion to strike was upon the ground that the items comprised intermediate or interlocutory motions and rulings thereon to which no exception or objection was made and which were not appealable; also upon the ground that since the demand for a jury trial had not been renewed prior to the trial itself, so as to enable the district judge to pass upon it, it must be deemed to have been waived. As directed against Items 17 and 22, the motion to strike was upon the ground that those items had not been received in evidence during the trial. The motion to strike was granted by the district court and an order was entered directing the clerk of that court to delete and omit from the record on appeal Items 10, 11, 12, 17 and 22.

The appellants' present motion, invoking the power of this court under Rule 75(h) of the Federal Rules of Civil Procedure, seeks an order directing the district court to transmit a supplemental record including Items 10, 11, 12, 17 and 22. Counsel for the appellants urges that those items are material to points relied upon by them in the appeal, to wit: whether or not the appellee was a proper party, whether or not the appellee had elected and estopped himself, whether or not the appellee had made any competent showing of fraud, mistake or accident of which the district court or this court might take notice "for actionable purpose," and whether or not the appellants were entitled in the district court to a jury trial upon issues of fraud, mistake or accident. Counsel for the appellee, opposing the present motion, reiterates in respect of the items in question the objections to their inclusion in the record on appeal which were presented in the appellee's motion to strike them from the designation in the district court.

[1, 2] Rule 75, Federal Rules of Civil Procedure, relating to the designation, preparation and certification of the record on appeal to a court of appeals, provides, so far as here pertinent, as follows:

(a) Promptly after an appeal to a court of appeals is taken, the appellant shall serve upon the appellee and file with the district court a designation of the portions of the record, proceedings, and evidence to be contained in the record on appeal, unless the appellee has already served and filed a designation. Within 10 days after the service and filing of such a designation, any other party to the appeal may serve and file a designation of additional portions of the record, proceedings, and evidence to be included. . . .

*　　*　　*

(c) Testimony of witnesses designated for inclusion need not be in narrative form, but may be in question and answer form. A party may prepare and file with his designation a condensed statement in narrative form of all or part of the testimony, and any other party to the appeal, if dissatisfied with the narrative statement, may require testimony in question and answer form to be substituted for all or part thereof.

*　　*　　*

(e) All matter not essential to the decision of the questions presented by the appeal shall be omitted. Formal parts of all exhibits and more than one copy of any documents shall be excluded. Documents shall be abridged by omitting all irrelevant and formal portions thereof. For any infraction of this rule or for the unnecessary substitution by one party of evidence in question and answer form for a fair narrative statement proposed by another, the appellate court may withhold or impose costs as the circumstances of the case and discouragement of like conduct in the future may require; and costs may be imposed upon offending attorneys or parties.

*　　*　　*

(g) The clerk of the district court, under his hand and the seal of the court, shall transmit to the appellate court a true copy of the matter designated by the parties. . . .

(h) It is not necessary for the record on appeal to be approved by the district court or judge thereof except as provided in subdivisions (m) and (n) of this rule and in Rule 76, but, if any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record

made to conform to the truth. If anything material to either party is omitted from the record on appeal by error or accident or is misstated therein, the parties by stipulation, or the district court, either before or after the record is transmitted to the appellate court, or the appellate court, on a proper suggestion or of its own initiative, may direct that the omission or misstatement shall be corrected, and if necessary that a supplemental record shall be certified and transmitted by the clerk of the district court. All other questions as to the content and form of the record shall be presented to the court of appeals.

\* \* \*

(n) In the event no stenographic report of the evidence or proceedings at a hearing or trial was made, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection, for use instead of a stenographic transcript. This statement shall be served on the appellee who may serve objections or propose amendments thereto within 10 days after service upon him. Thereupon the statement, with the objections or proposed amendments, shall be submitted to the district court for settlement and approval and as settled and approved shall be included by the clerk of the court in the record on appeal.

These provisions of Rule 75 and the decisions which have given effect to the rule make clear that if any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. Pertinent decisions are: Askins v. Overholser, 1948, 83 U.S.App. D.C. 248, 170 F.2d 815; Miller v. Miller, 1940, 72 App.D.C. 348, 114 F.2d 596; Clawans v. White, 1940, 71 App.D.C. 362, 112 F.2d 189. The quoted provisions and the decisions giving effect to the rule make clear also that, once any difference as to whether the record truly discloses what occurred in the district court has been settled by that court, or if no such difference arises, then each of the parties has a right to include in the record on appeal such portions of the record, proceedings and evidence in the district court as he desires, and the district court cannot interfere with the exercise of that right; that

the only limitation imposed by the rule is the penalty in paragraph (e) which permits the imposition of costs upon attorneys or parties who offend by including in the record on appeal material not essential to the decision of the questions presented by the appeal. Pertinent decisions are: Treasure Imports, Inc., v. Henry Amdur & Sons, Inc., 2 Cir., 1942, 127 F.2d 3; In re Sullivan, D.C.S.D.N.Y.1940, 2 F.R.D. 238; Westmoreland Asbestos Co., Inc., v. Johns-Mansville Corporation, D.C.S.D.N.Y. 1940, 1 F.R.D. 249.[1] In respect of the power of the district court, the Court of Appeals for the Second Circuit, in Treasure Imports, Inc., v. Henry Amdur & Sons, Inc., said:

The record is in a somewhat confused state, owing in part to an order of the district court that several of the matters designated by defendants for inclusion in the record should not be so included or transmitted to us. We have had occasion recently to point out that the Federal Rules do not permit the district court to prevent parties from including in the record any part of the occurrences below which they wish thus included. United States v. Forness, 2 Cir., 125 F.2d 928, F.R.C.P. 75(h) gives the district court power only to correct misstatements or actual omissions.

In view of the foregoing, it is clear that the appellants' present motion to direct transmission of a supplemental record should be granted as to Items 10, 11 and 12, but denied as to Items 17 and 22. In striking the latter two items from the appellants' designation the district court was acting under that part of Rule 75(h) authorizing the district court to settle any difference arising as to whether the record truly discloses what occurred in that court. In designating Items 17 and 22 for inclusion in the record on appeal the appellants were asserting that the district court had received them in evidence and that the transcript of the proceedings so showed. The appellee, by his motion to strike Items 17 and 22 from the designation was asserting that those items had not been received in evidence and

1. Additional decisions giving effect to Rule 75 are the following: Marvin's Credit, Inc., v. Hall, 1942, 76 U.S.App.D.C. 95, 129 F.2d 57; Laughlin v. Berens, 1940, 73 App.D.C. 136, 118 F.2d 193; Phillips Petroleum Co. v. Williams, 5 Cir., 1947,

159 F.2d 1011; William Howard Hay Foundation, Inc., v. Safety Harbor Sanatorium, Inc., 5 Cir., 1944, 141 F.2d 952; Prichard v. Nelson, D.C.W.D.Va.1943, 55 F.Supp. 506, 7 Federal Rules Service 934.

that the transcript so showed. The action of the district court in granting the motion to strike in effect declared that those items had not been received in evidence and that the record so showed and that the items should therefore not be included in the record on appeal—for the reason that if so included there would be submitted to the court of appeals matter not received in evidence and hence not considered in deciding the case. Under Rule 75 and the decisions cited, the action of the district court is conclusive in the absence of a charge that it has deliberately and intentionally falsified the record.

■ But as to Items 10, 11 and 12 the case is different. The motion of the appellee to strike those items from the appellants' designation was not predicated upon an assertion that no demand for a jury trial had been filed and no motion to strike it made and no order entered denying without prejudice the motion to strike—on the contrary it recognized that this had occurred. In other words, there was no difference between the parties as to whether Items 10, 11 and 12 truly disclosed what occurred in the district court, and that court, in striking those items from the designation was not settling such a difference; the ruling in striking them was obviously upon the grounds, stated above, of the motion to strike them from the designation to wit: that those items comprised interlocutory rulings not appealable and that since the demand for a jury trial had not been renewed after its earlier filing, the demand had been waived. The district court apparently thought that those grounds warranted the exclusion of the items from the record on appeal. This was erroneous. There being no difference between the parties as to whether or not Items 10, 11 and 12 truly disclosed what occurred in the district court, the appellants had a right under Rule 75 to include those items in the record on appeal as a foundation for their contention that the demand for a jury trial should have been granted.

This court will therefore deny the motion to direct transmission of a supplemental record as to Items 17 and 22, but will grant the motion as to Items 10, 11 and 12.