**UNITED STATES**
v.
**MARACHOWSKY et al.**
Crim. No. 13111.

United States District Court,
W. D. Wisconsin.
Nov. 3, 1953.

Frank L. Nikolay, U. S. Atty., Madison, Wis., for plaintiff.

Jerome Fox, Chilton, Wis., for defendants.

TEHAN, District Judge.

Plaintiff, United States of America, has filed a motion to supplement the rec-

ord in this criminal action. The motion has been made under the provisions of Rule 75, Federal Rules of Civil Procedure, 28 U.S.C.A., which governs by reason of Rule 39(b) (1) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., which provides that the rules governing preparation of the record on appeal in civil actions shall apply to the record on appeal in criminal proceedings.

The defendants have appealed from an order of this court denying their motions for arrest of judgment and for a new trial on the ground of newly discovered evidence, which motions were made when the case was remanded to this court following affirmance of the sentence and judgment of this court by the Court of Appeals of the Seventh Circuit, 201 F. 2d 5 and denial of certiorari by the Supreme Court of the United States. 345 U.S. 965, 73 S.Ct. 949.

The appellants on June 19, 1953, filed a "Request for Record on Appeal" and designated therein as the appellate record, "all papers filed, petitions, motions, affidavits, exhibits in support of motion for a new trial and motion in arrest of judgment and any and all orders entered thereon." In response thereto, the Clerk of Court certified the following record:

1. Motion to reconsider the order denying probation.

2. Motion in arrest of judgment.

3. Motion for new trial on the ground of newly discovered evidence.

4. Notice of appeal.

5. Request for record on appeal.

6. Notice of hearing on motions. Extract of docket entry of June 19.

Rule 75(d), Federal Rules of Civil Procedure, provides that if the appellant does not designate for inclusion in the record the complete record and all the proceedings and evidence in the action, he shall then serve with his designation a concise statement of the points on which he intends to rely on appeal. The Government claims that this was never accomplished by the appellants in this case even though the complete record and all the proceedings were not designated, and that it had no knowledge of what the defendants intended to claim constituted error by the Court, in ruling on the motions, until the brief of defendants was received on October 17, 1953. It is the contention of the Government that upon learning for the first time the nature of the points relied on, it immediately moved to supplement the record by motion addressed to the trial court under Rule 75(h). Specifically, the United States asks for the inclusion of the following in the record on appeal:

(a) Transcript of testimony in the matter entitled United States of America v. Belle Marachowsky, also known as Belle Blitz and Belle Canel, and J. H. Marachowsky, also known as Jake Marachowsky, Criminal No. 13,111, United States District Court, Western District of Wisconsin;

(b) Exhibit 179, Exhibit 4, Exhibit 5, Exhibit 329, Exhibit 319, Exhibit 324, from the action set out in (a) above;

(c) The transcript of the oral argument before the court on June 19, 1953, on defendants' Motion to Reconsider Order Denying Probation, Motion in Arrest of Judgment, and Motion for a New Trial;

(d) Motion to Supplement the Record and the accompanying affidavit.

The Government contends that the Court of Appeals will not be able to properly weigh and evaluate the affidavits in support of a new trial unless it has these parts of the record before it.

It might be helpful at this juncture to allude briefly to the history of this case. The defendants, Belle Marachowsky and J. H. Marachowsky were indicted in fourteen counts charging the making of false oaths in a bankruptcy proceeding, and in one, the fifteenth, with conspiracy. The trial lasted approximately five weeks, and a voluminous record was built up around the black market transactions of the defendants with numerous produce dealers and brokers during the time that price

control was in effect. The defendants were found guilty on all counts, adjudged guilty, and sentenced to fine and imprisonment. As heretofore stated, defendants appealed, the Court of Appeals affirmed except as to one count and the Supreme Court denied certiorari. Upon the remanding of the case to this court, defendants moved under Rule 35 of the Rules of Criminal Procedure for reduction of sentence, and at that time by order of this court the sentence of Belle Marachowsky was reduced from two years to eighteen months. The motion of J. H. Marachowsky for reduction of sentence was denied. About one week thereafter, the defendants moved for a rehearing on the motion and also moved for arrest of judgment and for a new trial on the grounds of newly discovered evidence. The Government filed no counter-affidavits to those of the defendants, but upon the oral argument to the court, the United States Attorney made repeated reference to the transcript of testimony of the trial, in that manner directing the attention of the court to his reasons why the affidavits supporting defendants' motion for a new trial were not newly discovered and were not of such sufficient weight that on a new trial a jury would probably acquit if the proffered evidence were used. Upon the completion of the oral argument this court pointed out its reasons for denying the motions. The court then granted a short stay of execution and the instant appeal was taken. The motion to supplement the record which is now before this court was argued on Saturday last, October 31, 1953. At the conclusion of the argument, this court expressed its opinion, which it now re-affirms, that the record of the proceedings on the main trial would be absolutely essential in determining the weight of the affidavits offered in support of a new trial, and that the other parts of the record asked to be included would be very helpful to the appellate court.

It is my opinion that it is so clear that the ends of substantial justice and that the best interests of the defendants themselves on their motion for a new trial require the additional record, that I can account for their failure to so stipulate only on a hope that the Court of Appeals will take a technical position of holding the Government in default, and allowing defendants' affidavits to stand uncontroverted in the case. Whatever their reason may be, it cannot be the matter of expense or delay as far as the transcripts of testimony are concerned. They have already been prepared and can be filed without delay or cost to the defendants.

Counsel for the defendants, however, argues that this court has no jurisdiction to hear the plaintiff's motion in that this cause is now on appeal in the United States Court of Appeals for the Seventh Circuit and that upon the filing of the notice of appeal, the request for record and the proceedings had in the Court of Appeals, this court no longer has jurisdiction of this cause.

Rule 75(h) provides:

"(h) Power of Court to Correct or Modify Record. It is not necessary for the record on appeal to be approved by the district court or judge thereof except as provided in subdivisions (m) and (n) of this rule and in Rule 76, but, if any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. *If anything material to either party is omitted from the record on appeal by error or accident or is misstated therein, the parties by stipulation, or the district court, either before or after the record is transmitted to the appellate court, or the appellate court, on a proper suggestion or of its own initiative, may direct that the omission or misstatement shall be corrected, and if necessary that a supplemental record shall be certified*

*and transmitted by the clerk of the district court.* All other questions as to the content and form of the record shall be presented to the court of appeals." (Emphasis added.)

Upon a mere reading of the italicized portion of the Rule it would appear that wherever there is an omission from the record on appeal of anything material to either party, through error or accident, the district court may direct the omission to be corrected, and if necessary that a supplemental record be certified and transmitted to the Court of Appeals, and that consequently this court should grant the motion of the plaintiff. However, the cases construing this rule seem to consistently indicate that differences concerning the record on appeal should be submitted to and settled by the District Court only where there is an issue as to whether the record truly discloses what occurred in the District Court. In the case of Westmoreland Asbestos Co., Inc., v. Johns-Manville Corp., D.C., 1 F. R.D. 249, 250, the court in its opinion sets down the comments of Hon. Wm. D. Mitchell, Chairman of the Advisory Committee of the United States Supreme Court made when formulating the Federal Rules of Civil Procedure at the Institute on Federal Rules of the American Bar Association at Cleveland, Ohio, on July 21–23, 1938, as follows:

"There may be cases where a dispute arises as to the accuracy of the reporter's transcript of testimony or whether some other paper is an accurate representation of what occurred. And of course when disputes of that kind occur, the judge must settle them, but the rule relieves the judge of bothering with certification of records prepared in this way."

Counsel for the plaintiff relies on two recent cases to support his contention that the court has jurisdiction to supplement the record as requested, Askins. v. Overholser, 83 U.S.App.D.C. 248, 170 F.

2d 815, and Belt v. Holton, 90 U.S.App. D.C. 148, 197 F.2d 579. Upon a reading of the opinions, however, these cases too seem to indicate that differences concerning the record on appeal should be submitted to the District Court only where there is an issue as to whether the record truly discloses what occurred in the District Court. In the Askins case, a motion was made asking leave to proceed on appeal on an "agreed" statement of evidence rather than a transcript of the testimony, and there was no transcript of such evidence before the Court of Appeals. In denying the motion, the court said, 170 F.2d at page 819:

"Can this court settle the narrative statement of the evidence? The answer to this is in the negative. Rule 75(h) contemplates settlement of the record by the District Court, not by this court. Moreover, this court has not heard the evidence and has not read it, there having been no transcript of the same presented."

In the Belt case, a motion was brought in the Court of Appeals under Rule 75 (h) for an order directing the District Court to transmit a supplemental record. The court granted the motion as to some of the items requested and denied it as to others. The court said that if any difference arises as to whether the record truly discloses what occurred in District Court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. It was the Court of Appeals which passed upon and granted the motion to include those items on which there was no issue between the parties as to whether or not the items truly disclosed what occurred in the District Court.

In the matter now before the court, the Government asks to have included in the record the transcript of testimony in the original trial. No claim has been made by either party that such transcript

is erroneous or inaccurate in any respect. Request is made to include certain exhibits. Here too there is no claim that these exhibits were not before the court or that they are inaccurate. The Government also asks to have included the transcript of the oral argument before the court on defendants' motion to reconsider, order denying motion in arrest of judgment, and motion for a new trial. There is no suggestion that such transcript does not truly disclose what occurred at the time of the hearing on June 19, 1953, nor is there such an issue as to the motion to supplement the record and the accompanying affidavit which plaintiff asks to have included in the record.

■ From a review of the cases and comments, it is our conclusion that once an appeal is taken, all questions as to the content and form of the record should be presented to the court of appeals, with the exception that where the parties are in disagreement as to what actually occurred in the District Court, the matter shall be submitted to the trial judge who heard the case.

For the reasons stated we hold that this court has no jurisdiction to grant the relief prayed for.[1]

I. UNITED STATES COURT
OF APPEALS FOR THE
SEVENTH CIRCUIT.
Chicago 10 Illinois
Friday November 13, 1953
Before
Hon. J. EARL MAJOR, Chief Judge

THE UNITED STATES OF AMERICA,
Plaintiff-Appellee
v.
BELLE MARACHOWSKY, et al.
Defendants-Appellants.

No. 10902

Appeal from the United States District Court for the Western District of Wisconsin.

On consideration of the motion of counsel for plaintiff-appellee and the answer of counsel for defendants-appellants in opposition thereto:—

It Is Ordered that there be included in the record on appeal,

(a) Transcript of testimony in the matter entitled United States of America v. Belle Marachowsky, also known as Belle Blitz and Belle Canel, and J. H. Marachowsky, also known as Jake Marachowsky, Criminal No. 13,111, United States District Court, Western District of Wisconsin;

(b) Exhibit 179, Exhibit 4, Exhibit 5, Exhibit 329, Exhibit 319, Exhibit 324, from the action set out in (a) above;

(c) The transcript of the proceedings before the Court on June 19, 1953, on defendants' Motion to Reconsider Order Denying Probation, Motion in Arrest of Judgment, and Motion for a new Trial.

It Is Further Ordered that the time for filing appellee's brief be extended to ten (10) days from this date.