**I. H. SPEARS**

v.

**CONTINENTAL BUS SYSTEM, Inc., DALLAS, TEXAS; Continental Southern Lines, Inc., Alexandria, Louisiana; City of Shreveport, Louisiana; and 18 John Does, City Policemen of The City of Shreveport, Louisiana.**

Civ. A. 5862.

United States District Court
W. D. Louisiana, Shreveport Division.

Feb. 5, 1957.

Supplemental opinion Feb. 27, 1957.

I. H. Spears, Pasadena, California, in pro. per.

Grove Stafford, Stafford & Pitts, Alexandria, La., William L. Murdock, Robert E. Eatman, Shreveport, La., for defendants.

BEN C. DAWKINS, Jr., Chief Judge.

This is a suit for substantial money damages on account of alleged violations of plaintiff's civil rights, 42 U.S.C.A. §§ 1981, 1982, 1983 and 1985. Plaintiff, who claims to be a negro lawyer with forty-six years experience, alleges that on November 13, 1956, being a fare-paying passenger holding a ticket on a bus line operated by some of the defendants, at the bus station in Shreveport, Louisiana, he was "* * * unlawfully and wrongfully assaulted, abused, humiliated, shocked and threatened with being placed in jail * * * by defendants' servants, agents, and employees * * * "

Upon the sworn statement of plaintiff that, because of his poverty, he was unable to pay the costs of this suit, in advance or as they accrue, or to give security for costs, we signed an order on December 13, 1956, permitting him to

proceed *in forma pauperis*, pursuant to 28 U.S.C.A. § 1915.

Thereafter, on December 31, 1956, defendants filed a motion to have the Court recall its order of December 13, 1956, on the grounds: 1) that plaintiff owns valuable property in California and has earnings as an attorney; and 2) that plaintiff has filed many other suits similar in character to this one; and " * * more or less makes a career of such litigation in the Federal Courts of Arkansas, California and other states; that incidents such as are complained of in this suit are not casual and are provoked and studied." Whereupon, on December 31, 1956, we signed an order requiring plaintiff to show cause on January 31, 1957, why the Court's order of December 13, 1956, should not be recalled and rescinded. Upon the Court's instruction, plaintiff was notified of this by registered mail.

On January 7, 1957, he filed another affidavit, asserting in substance that he is approximately 76 years old; that the only property he owns is his homestead, appraised at $1,450 by Los Angeles County, California; that he has no cash or bonds, and no bank or savings accounts, and his only income is $89 per month "Old Age Security". By a letter to defendants' counsel dated January 6, 1957, copy of which was sent to the Clerk of this Court and filed on January 9, 1957, he stated, in part, " * * * I do not expect to be present on the 31st but submit the whole matter to the Court on the record, pleadings, affidavits, and all that has been already submitted to the Court". This letter was written in response to an inquiry by defendants' counsel, in a letter dated January 4, 1957, as to whether plaintiff would be present to submit to cross-examination " * * * with respect to your financial condition" at the hearing scheduled for January 31, 1957.

When the matter was called for hearing at the appointed time, plaintiff did not appear, either in person or by counsel. Defendants, represented by their counsel of record, filed various documents in support of their motions, the sub-

stance of which will be described *infra*. Before reaching these matters, however, it is proper, we think, to review briefly the basic principles by which we are to be guided and controlled in deciding the issue before us.

Leave to proceed *in forma pauperis* under 28 U.S.C.A. § 1915 is a privilege, not a right. An application for leave to proceed in that manner is addressed to the sound discretion of the Court. It should be granted only in meritorious cases, where it appears that the plaintiff has a reasonably valid claim. He must show also that he genuinely is impoverished and unable to pay costs in advance or as they accrue, and is unable to furnish security for costs. Mere inconvenience is not enough. It follows necessarily that the good or bad faith of the plaintiff is an important element to be considered by the Court in reaching its determination. In the absence of good faith, leave to proceed as a pauper should be denied; and in judging good or bad faith the reputation and moral character of the plaintiff, including his veracity or lack of it, should be among the crucial criteria to be applied. Clough v. Hunter, 10 Cir., 191 F.2d 516; Askins v. Overholser, 83 U.S.App.D.C. 248, 170 F.2d 815; Gilmore v. United States, 8 Cir., 131 F.2d 873; Higgins v. Steele, 8 Cir., 195 F.2d 366; Prince v. Klune, 80 U.S.App.D.C. 31, 148 F.2d 18; Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857; Parsell v. United States, 5 Cir., 218 F.2d 232.

Proceeding, therefore, upon those principles, we note the following pertinent circumstances throwing considerable light upon plaintiff's position: In Spears v. State Bar of California, 211 Cal. 183, 294 P. 697, 72 A.L.R. 923, decided on December 29, 1930, the Supreme Court of California upheld its Admissions Committee's recommendation that plaintiff be not admitted to practice law in that State, largely because he had filed three false affidavits with the Committee. On three separate occasions he had deliberately sworn that he had " * * * never been charged before any court with

crime amounting to either felony or misdemeanor involving moral turpitude". The truth was that he had been charged with the crimes of forgery, and uttering forged paper, in 1909, in Florida; that he had been charged with the crime of misappropriation of guardianship funds in 1923 or 1924, in a State Court in Oklahoma; that in 1926 he was charged by Federal authorities in Oklahoma with the crime of violation of the Mann Act, 18 U.S.C.A. § 2421 et seq.; and in 1927 he was charged in Oklahoma with the crime of issuing a fictitious check. While the California Court found that he had been convicted on only two of those charges (conviction set aside and new trial granted, Spears v. State of Florida, 59 Fla. 44, 51 So. 815), still he was denied admission to practice in California because he had failed to prove himself to be of good moral character. The Court held that the opposite was strongly indicated by his false affidavits, and his attempted explanations were rejected as unworthy of belief. In the course of its opinion, the Court stated:

"An analysis of the proof offered by applicant shows that there is at least a question as to applicant's moral character. In other words, the proof offered is not satisfactory. Although the committee of bar examiners has on file letters of recommendation testifying to the good character of applicant and affirming that the writers thereof have found him to be honest, trustworthy, and a man of integrity, it also has on file letters which unqualifiedly and unequivocally state that in the writers' opinion applicant is not such a person. In addition to these contradictory letters, there exists the conceded fact that on four separate occasions applicant has been charged with the commission of a crime. As to the final disposition of these charges, the committee has only the word of applicant, which, in view of the falsity of the affidavits filed by him, they were entitled to consider as at least questionable. Consider-

ing the number and seriousness of the charges, a definite obligation rests upon applicant to attempt some showing in reference to them. Documentary evidence of the dismissal of the charges should be available to applicant or a showing made by him that he is unable to secure such proof. The record also shows that applicant in his replies to questions relative to these charges appeared to consider them of small moment. It was, perhaps, this attitude on his part which influenced the committee to refuse to recommend him for admission."

We further note, in considering plaintiff's moral character, the decision of the United States Court of Appeals for the Sixth Circuit, rendered on December 5, 1950, in the matter entitled In re Spears, 185 F.2d 456, certiorari denied Spears v. Kane, 341 U.S. 910, 71 S.Ct. 616, 95 L.Ed. 1347. In that case the United States District Court for the Eastern District of Michigan, Southern Division, entered an order on September 7, 1949, directing that the name of the appellant, Isaiah H. Spears, be stricken from the roll of attorneys licensed to practice in that Court. In affirming the order of the District Court, the Court of Appeals made the following pertinent statements:

" * * * The district court found that, although he maintains an office in Michigan and practices law in that state, appellant is not licensed to practice there. The court found further that appellant is not entitled to practice in the aforementioned United States Court for the reason that an examination of his activities as a practicing attorney throughout several states of the United States proves conclusively that his professional character does not appear to be good. The record shows further that the Circuit Court for the County of Oakland, Michigan, on October 28, 1946, ordered the name of appellant stricken from its roster of practicing attorneys,

holding that he had been permitted to practice in that court, in a certain will contest through fraud and misrepresentation on his part, in consequence of which the order admitting him to practice was revoked. The Supreme Court of Michigan denied appellant's application for leave to appeal from the order of the Circuit Court of Oakland County, Michigan.

"The order of the United States District Court from which this appeal is taken is in consonance with Local Rule I of that court, and it is obvious that the district judge was empowered to enter the order in question; and, upon the record before him, properly did so."

In the present suit plaintiff has sworn in effect that the real estate he owns, in Pasadena, California, is worth no more than its assessed value of $1,450. He is contradicted in this by Mr. Stephen Whittlesey, a qualified real estate appraiser, who, after a thorough study, including three inspections of the property, testified that it is worth $12,000.

Plaintiff's apparent lack of good faith here is further demonstrated by his having filed at least three other suits, in the Courts of Arkansas and California, of substantially the same nature as this one, giving strong support to defendants' contention that plaintiff " * * * more or less makes a career of such litigation". He was denied leave to proceed *in forma pauperis* by the Court of Appeals for the Eighth Circuit on July 15, 1953, on January 18, 1955, and on February 2, 1955, in cases numbered, respectively, 14,845 and 15,226 on the docket of that Court. A petition for a writ of certiorari in the earlier case was denied by the Supreme Court on November 16, 1953. Spears v. Transcontinental Bus System, 346 U.S. 889, 74 S.Ct. 141, 98 L.Ed. 393. He filed another unsuccessful suit of a similar nature in the United States District Court for the Southern District of California, the dismissal of which was affirmed by the Ninth Circuit Court of Appeals on September 21, 1955, Spears v. Transcontinental Bus System, 226 F.2d 94.

■ Considering all of these circumstances—plus the fantastic amount ($400,000) for which he sues—we can reach no other conclusion than that Isaiah Herculaneus Spears obviously is not in good faith, and that his affidavit of poverty is unacceptable. It is insufficient to overcome the evidence against its veracity. Consequently, justice demands that we grant defendants' motions to recall and rescind our order of December 13, 1956, which allowed plaintiff to file and prosecute the suit *in forma pauperis*.

After all, the amount which he will be required to pay is rather negligible. The Clerk's total costs are $15.00 and the Marshal's accrued costs amount to only $10.30. He will be allowed fifteen days from this date within which to make such payments, failing in which, the suit will be dismissed.

Present proper decree for signature.

### Supplemental Opinion

Since the above ruling was filed, our attention has been directed to the case of Matthews v. Spears, La.App.1945, 24 So.2d 195, rehearing denied 1946, La. App., 24 So.2d 485, wherein the Court of Appeal for the First Circuit of Louisiana affirmed a lower Court judgment which found that I. H. Spears was guilty of fraud in obtaining a deed to certain mineral rights in this State from ignorant members of his own race. This holding was noted with approval by Judge Wright, of the Eastern District of Louisiana, in his ruling upon Archie v. Shell Oil Company, D.C., 110 F.Supp. 542, affirmed 5 Cir., 210 F.2d 653, certiorari denied 348 U.S. 843, 75 S.Ct. 64, 99 L.Ed. 665, rehearing denied 348 U.S. 884, 75 S.Ct. 125, 99 L.Ed. 695.

We cite these decisions as additional reasons for our original finding that Spears is unworthy of belief.