432 F.Supp. 105 (1977)
In Re W. T. GRANT COMPANY, Bankrupt.
Robert H. NAHODIL et al., acting as the Secured Suppliers Committee, Plaintiff,
v.
Charles G. RODMAN, as Trustee of the Estate of W. T. Grant Company, Bankrupt, Defendant.
No. 75 B 1735.
United States District Court, S. D. New York.
May 10, 1977.
Whitman & Ransom, New York City, Paul M. Brown, New York City, of counsel, for U.S. Trust Co.
Davis, Polk & Wardwell, New York City, Ogden N. Lewis, New York City, of counsel, for Morgan Guaranty.
Weil, Gotshal & Manges, New York City, Richard P. Krasnow, New York City, of counsel, for the Trustee.
Hahn, Hessen, Margolis & Ryan, New York City, J. J. Hahn, New York City, of counsel, for Secured Suppliers Committee.
IRVING BEN COOPER, District Judge.
We have before us three motions involving the bankrupt estate of W. T. Grant. First, United States Trust Company ("U.S. Trust") has moved to strike two items that were designated by Morgan Guaranty Trust Company ("Morgan") for inclusion in the record on appeal to us from an order of the bankruptcy court. Second, U.S. Trust has moved to strike in its entirety the counter-designation of contents for inclusion in the record on appeal proposed by Charles G. Rodman, Trustee of the Estate of W. T. Grant Company ("the Trustee"). Third, Trustee has moved to dismiss this appeal for lack of jurisdiction. On April 14, 1977, we denied the motions in their entirety and stated that a memorandum would follow. We now undertake it.
*106 Both U.S. Trust and Morgan have separately appealed from a Memorandum, Opinion and Order of the bankruptcy court (Galgay, BJ) which was entered February 4, 1977 and entered as corrected on February 14, 1977. Their appeals were not consolidated. (See Richard P. Krasnow's Affidavit sworn to March 14, 1977, p. 7, ¶ 21). Pending the transmittal of the record on appeal to the district court, U.S. Trust had moved this court for the relief indicated in the preceding paragraph hereof.
The first item designated by Morgan for inclusion in the records on appeal (by it and U.S. Trust), to which U.S. Trust vigorously objects, consists of two letters written by the Trustee's counsel to the bankruptcy court (Brown's Affidavit, sworn to March 10, 1977 p. 6, ¶ 13), dated December 15 and 16, 1976. Both were written to advise the bankruptcy court what option the secured suppliers of W. T. Grant's inventory had elected in a proposed compromise and settlement with the Trustee. The second item (also objected to by U.S. Trust) is a letter dated January 12, 1977 from the Trustee's counsel to the bankruptcy court; it updates the earlier letters of December 15 and 16.
Significantly, there is no dispute that the three letters were considered by the bankruptcy court in reaching its decision; in fact, the letters were referred to by Judge Galgay in his Memorandum, Opinion and Order of February 4 and 14, 1977.[1] Indeed, U.S. Trust acknowledges this (Brown's Affidavit, p. 4, ¶ 8). The issue is whether these three letters, admittedly considered by the court below in its determination, properly form part of the record on appeal.
Bankruptcy Rule 806 does not provide a procedure for resolving disputes over the contents of the record on appeal to the district court. However, Rule 806 states in relevant part:
Within 10 days after filing the notice of appeal the appellant shall file with the referee [bankruptcy judge] and serve on the appellee a designation of the contents for inclusion in the record on appeal and a statement of the issues he intends to present on the appeal. The record shall include the contents so designated and the findings of fact, conclusions of law, and orders entered thereon. If the appellee deems any other papers to be necessary, he shall, within 7 days after the service of the statement of the appellant, file and serve on the appellant a designation of additional papers to be included. . . .
Thus it appears that the record on appeal should contain all documents and evidence bearing on the proceedings below and considered by the bankruptcy judge in reaching his decision. See In re Billy Joe Warren, 1 Collier Bankruptcy Cases 87 (S.D. Ohio, 1974).
The three letters were properly included by Morgan in its designation and by the Trustee in its counter-designation. Rule 10(e) of the Federal Rules of Appellate Procedure is not at variance.[2] In pertinent part, it provides:
(e) Correction or Modification of the Record. If any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. . . . All other questions *107 as to the form and content of the record shall be presented to the court of appeals.
In U.S.A. v. Marachowsky, 15 F.R.D. 130 (W.D.Wis.1953), an appeal from the district court to the court of appeals, the plaintiff moved the district court to supplement the record on appeal. In its decision on the question of jurisdiction, the district court analyzed Rule 75(h) of the Federal Rules of Civil Procedure, the immediate predecessor of present Rule 10(e):
[W]herever there is an omission from the record on appeal of anything material to either party, through error or accident, the district court may direct the omission to be corrected, and if necessary that a supplemental record be certified and transmitted to the Court of Appeals, and that consequently this court should grant the motion of the plaintiff. However, the cases construing this rule seem to consistently indicate that differences concerning the record on appeal should be submitted to and settled by the District Court only where there is an issue as to whether the record truly discloses what occurred in the District Court. (at p. 133)
Here, it would be pointless to submit this dispute over the record on appeal to the bankruptcy court since all parties are in agreement that the three letters objected to by U.S. Trust came before the bankruptcy court and were relied upon in rendering its decision (Memorandum, Opinion and Order of February 4 and 14, 1977 at page 14; Brown's Affidavit, p. 6, ¶¶ 13, 14; and Krasnow's Affidavit, p. 12, ¶¶ 36, 37). Accordingly, as there is no dispute as to what occurred below, we find that this court has jurisdiction to determine the instant motions.
As we find that the bankruptcy court did consider the letters aforementioned in reaching its conclusions, each letter is properly designated for inclusion in the record on appeal. U.S.A. v. Brookhaven, 134 F.2d 442 (C.C.A. 5th 1943); Belt v. Holton, 90 U.S.App.D.C. 148, 197 F.2d 579 (1952); Askins v. Overholser, 83 U.S.App.D.C. 248, 170 F.2d 815 (1948); Westmoreland Asbestos Co. v. Johns-Manville Corp., 1 F.R.D. 249 (S.D.N.Y.1940).
U.S. Trust urges the case of Brookhaven, supra, to support its motion to strike. There, the Court of Appeals for the Fifth Circuit held that "a deposition neither introduced into evidence nor considered [emphasis added] by the district court could not properly be transmitted with the record on appeal." 134 F.2d at 447. The words just underscored make Brookhaven's holding in-apposite.
In Treasure Imports v. Henry Amdur & Sons, 127 F.2d 3 at 4 (C.C.A. 2nd 1942), the court said:
[T]he Federal Rules do not permit the district court to prevent parties from including in the record any part of the occurrences below which they wish thus included. United States v. Forness, 2 Cir., 125 F.2d 928. F.R.C.P. 75(h) gives the district court power to correct misstatements or actual omissions. . . .
Further, the court in Belt v. Holton, supra at 581, stated that "if no such difference arises [as to what occurred in the district court], then each of the parties has a right to include in the record on appeal such portions of the record, proceedings and evidence in the district court as he desires". That is precisely the situation here. We find these holdings persuasive authority as to the procedure that should be followed in resolving disputes over the content of the record transmitted from the bankruptcy judge to the district court.
U.S. Trust's motion to strike the entire counter-designation of the Trustee must also be denied. Rule 806 of the Bankruptcy Rules permits the appellee to include within the record on appeal any papers deemed necessary. In filing the counter-designation, the Trustee was well within his rights in attempting to transmit to the district court what the Trustee believed comprised the full record on appeal.
U.S. Trust's failure to particularize precisely what items of the Trustee's counter-designation it considered deficient places an unnecessary burden on the Trustee to justify every item. Rule 806 should be construed *108 liberally: A litigant should not be required to defend the total record he has designated for transmittal on appeal. The purpose of Rule 806 is to bring the complete and relevant record before the reviewing court. 13 Collier, Bankruptcy, ¶ 806.04 at 8-65 (14th rev. ed. 1976); Chernack v. Radlo, 331 F.2d 170 (1st Cir. 1964).
Thus for the foregoing reasons, U.S. Trust's motions are denied in all respects. The Trustee's motion to dismiss for lack of jurisdiction is also denied. See U.S.A. v. Marachowsky, supra.
SO ORDERED.
NOTES
[1] In both Memorandum, Opinion and Order of February 4, 1977 and corrected Memorandum, Opinion and Order of February 14, 1977, the bankruptcy court stated (at p. 14):

The Court is advised that as of the close of business on January 5, 1977, a total of 836 Secured Suppliers have filed with the Secured Suppliers Committee their respective forms electing either option A or option B. A total of 772 Secured Suppliers asserting claims aggregating $71,145,741.23 have elected option A as compared to 64 Secured Suppliers asserting claims totalling $13,492,459.50 who have elected option B. Thus as of the aforesaid date almost 85% in amount of Secured Suppliers excercising [sic] options have elected option A with a resultant potential benefit to the bankruptcy estate and its creditors of over $7,100,000 which may be increased as additional elections are received.
[2] Our reference to Rule 10(e) of the Federal Rules of Appellate Procedure for guidance in interpreting Bankruptcy 806 is appropriate. See Advisory Committee's Note to Rule 806 and 13 Collier, Bankruptcy, ¶ 806.04 at 8-64 (14th rev.ed.1976).