Kermit L. Racey, III, Woodstock, Va., for Haynes Corp.

Douglas T. Stark, Harrisonburg, Va., for Leake.

**In re MARJEC, INC. t/a Shawnee Land, Debtor.**

**MARJEC, INC., t/a Shawnee Land, Donald R. Lamborne, Jean Lamborne, Appellants,**

**v.**

**ESTATE OF Nicholas C. MILLER, B.K. Haynes Corp., John G. Leake, Trustee, Appellees.**

Bankruptcy No. 78–00245.
Civ. A. No. 86–0105–H.

United States District Court,
W.D. Virginia,
Harrisonburg Division.

May 18, 1987.

## MEMORANDUM OPINION

MICHAEL, District Judge.

Before the court is appellants' motion to supplement the record on appeal, filed April 17, 1987. All proceedings had previously been concluded in this court and appellants filed their notice of appeal in the above-styled action on February 13, 1987. Appellants have brought this motion pursuant to Rule 10(e) of the Federal Rules of Appellate Procedure, and seek to include an appraisal of real property owned by Marjec, Inc., appellant, which was ordered by Thomas J. Chandler, Jr., trustee in the bankruptcy filed by appellants, which appraisal was made by Charles W. Yerkes and H. Ronald Berg of Dominion Appraisers. Said appraisal was filed in the United States Bankruptcy Court for the Western District, Harrisonburg, Division, on June 3, 1981, but was not designated as part of the record on appeal to the District Court.

Appellants seek to have the record supplemented by this court to include said appraisal, and the appellee, the Estate of Nicholas C. Miller, objects on the grounds that Rule 10(e) of the Federal Rules of Appellate Procedure is inapplicable since this appraisal was not part of the record before the District Court. Rule 10(e) provides:

(e) *Correction or Modification of the Record.* If any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the district court either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals.

According to appellee, the record makes clear that appellant knew that the appraisal in question was not in the record before the district court. Appellee argues that having made references to the document in open court and having objections made by appellee to said references owing to the lack of an evidentiary basis, since the document had not been designated as part of the record, appellant cannot now assert that the omission of the document was made by error.

However, this court is of the opinion that the issue of the value of the property was squarely before the district court, and the court noted on the record during the December 11, 1986, hearing that even assuming the auction method with adequate advertising had resulted in a sale with "shortcomings", the court did not find this low sale price to be sufficient to bar confirmation of the sale. Under this reasoning, the court was willing to assume the appraisals to be valid, yet refused to overturn the confirmation order of the bankruptcy court. Furthermore, in affirming the bankruptcy court's decision, which was made in light of a record which included the appraisal at issue herein, it is the decision of this court that it implicitly reviewed the fact that appraisals had been made, and therefore failure to have the actual document before it was an omission and would be a continuing omission in the court of appeals.

This court notes that there does not appear to be any corollary between Rule 10(e) of the Federal Rules of Appellate Procedure and the Bankruptcy Rules of Procedure. This court notes that federal district judges may not consider additional evidence in reviewing the findings of a bankruptcy judge, *see e.g., In re Vaughn,* 462 F.Supp. 1040 (N.D.Tex.1978), although the district court occupies an inherently more fundamental status and relationship in the administration of bankruptcy affairs than those of an ordinary appellate tribunal, *see e.g., Dunsdon v. Federal Land Bank of St. Paul,* 137 F.2d 84 (8th Cir.1943); *In re Gilchrist Co.,* 410 F.Supp. 1070 (E.D.Pa. 1976).

While this court has not discovered any law in which a matter which was before the bankruptcy court but not designated before the district court is requested on appeal, the case *In re W.T. Grant Co.,* 432 F.Supp. 105 (S.D.N.Y.1977), considered the district court's ability to supplement the record on appeal from the bankruptcy court. As in this case, the matters to be supplemented were part of the bankruptcy court proceedings, but had not been included as a designated portion of the record on appeal. The court in *Grant* looked to Bankruptcy Rule 806, which is now codified as 11 U.S.C. Rule 8006 (1982):

Within 10 days after filing the notice of appeal as provided by Rule 8001(a) or entry of an order granting leave to appeal the appellant shall file with the clerk of the bankruptcy court and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. Within seven days after the service of

the statement of the appellant the appellee may file and serve on the appellant a designation of additional items to be included on the record on appeal ...

From this rule the court in *Grant* concluded that "the record on appeal should contain all documents and evidence bearing on the proceedings below and considered by the bankruptcy judge in reaching his decision." 432 F.Supp. at 106 (citation omitted). Since it would have been pointless to submit the dispute over the record on appeal to the bankruptcy court, as all parties were in agreement that the letters at issue in *Grant* were before the bankruptcy court below, and since the bankruptcy court had considered the aforementioned letters in reaching its conclusion, the court in *Grant* permitted the supplementation of the record on appeal to its court.

Likewise, the parties in the case at bar do not dispute that the appraisal at issue was before the bankruptcy court, nor can appellee dispute the fact that the value of the property was the subject of the confirmation order in the appeal to this district court, and thus no prejudice to appellee can be found. It is the finding of this court that the failure to include the appraisal as part of the record before this court was an error or omission subject to the reasoning of the court in *Grant*. Likewise, since this court considered the possibility of a high appraised value in making its own determination, Fed.R.App.P. 10(e) properly allows the inclusion of the actual appraisals to be introduced into the record on appeal to the Fourth Circuit Court of Appeals.

*Conclusion*

It is the decision of this court that the appellants' motion to supplement the record on appeal should be granted, and that the appraisal of Dominion Appraisers, described above, should be included in the record before the district court and on appeal to the United States Court of Appeals for the Fourth Circuit.

An appropriate Order shall this day issue.

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is this day ADJUDGED AND ORDERED as follows:

1. The Clerk of the United States Bankruptcy Court for the Western District of Virginia, Harrisonburg Division, shall be, and hereby is, directed to certify and transmit to the Clerk of this court the appraisal of Dominion Appraisers, filed in the United States Bankruptcy Court for the Western District of Virginia, Harrisonburg Division, on June 3, 1981.

2. Upon receiving said appraisal, the Clerk of this court shall be, and hereby is, directed to certify and transmit the same, with a copy of this Order, to the Clerk of the United States Court of Appeals for the Fourth Circuit.

The clerk is hereby directed to send a certified copy of this Order, and the accompanying Memorandum Opinion, to all counsel of record and to the Clerk, United States Bankruptcy Court for the Western District of Virginia, Harrisonburg Division.