18

## PRINCE v. KLUNE.
### No. 8814.

United States Court of Appeals
District of Columbia.

Argued Jan. 18, 1945.

Decided March 5, 1945.

Mr. Thomas X. Dunn, of Washington, D. C., (appointed by this Court) for appellant.

Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., with whom Mr. Edward M. Curran, United States Attorney, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

PER CURIAM.

This appeal is from the District Court's refusal to permit appellant to file, without prepayment of costs, a petition for a writ of mandamus to compel appellee, the resident physician at the District of Columbia Reformatory at Lorton, Virginia, to give appellant surgical treatment. The petition alleged that appellant˜ is confined in the reformatory; that he is in need of an operation; that appellee admits this; and that appellee will not perform the operation. The petition was sworn to and was accompanied by an affidavit of poverty. The District Court's ruling was: "Leave to file without prepayment of costs denied." The court afterwards granted leave to appeal to this court without prepayment of costs.

Section 832 of the Judicial Code provides that "Any citizen of the United States entitled to commence any suit or action, civil or criminal, in any court of the United States, may, upon the order of the court, commence and prosecute or defend to conclusion any suit or action, or a writ of error or an appeal to the circuit court of appeals, or to the Supreme Court in such suit or action, including all appellate proceedings, unless the trial court shall certify in writing that in the opinion of the court such appeal or writ of error is not taken in good faith, without being required to prepay fees or costs * * *"; upon filing an affidavit of poverty. 28 U.S.C.A. § 832.

 This statutory privilege of filing a suit without prepaying costs is conferred only upon a citizen who is "entitled to commence" a suit. In a sense it may be said that one is always entitled to commence any suit, even a suit which asserts no claim upon which relief can be granted. But the quoted phrase in its context cannot reasonably be interpreted so broadly. The statute is not intended to confer the privilege of commencing, without prepaying costs, a suit which is plainly without merit. Cf. Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 49, 35 S.Ct. 236, 59 L.Ed. 457.

The suit which appellant sought to commence is of that character. Mandamus lies to compel the performance of a plain legal duty, not to control the way in which administrative discretion is exercised. Even if the allegations in appellant's petition were true, it would not be appellee's plain legal duty to operate on appellant. To say that appellant is in need of an operation is to say that his condition would probably be improved if the right operative procedure were successfully followed. If, as the petition alleges, this is both true and admitted, and if the further assumption be made that appellee's duties under some statute or regulation include the performance of operations, a wide field remains for the exercise of appellee's discretion. It remains for him to decide precisely what operation is most appropriate; whether he is competent, and has the necessary facilities, to perform it; the probable chances of success; the probable consequences of failure; and the effect upon appellant's fellow-inmates of diverting from them and devoting to him the medical and nursing time and attention which the operation and necessary after-care would require. Courts are not equipped and cannot be called upon to try such questions. The problem is one for appellee and, so far as they may think proper to concern themselves with it, his official superiors. Cf. Sarshik v. Sanford, 5 Cir., 142 F.2d 676. It follows that leave to file the petition without prepayment of costs was rightly denied.

Affirmed.