**Sherman WILLIAMS et al.**

v.

**James H. McCULLEY, Registrar of Voters, Rapides Parish.**
**Civ. A. No. 4541.**

United States District Court,
W. D. Louisiana, Alexandria Division.

Jan. 3, 1955.

Louis Berry, Alexandria, La., for plaintiffs.

Grove Stafford, J. Charles Burden, Alexandria, La., Fred S. LeBlanc, Atty. Gen., State of Louisiana, for defendant.

Before HOLMES, Circuit Judge, DAWKINS, Jr., Chief Judge, and HUNTER, District Judge.

HUNTER, District Judge.

This suit for declaratory judgment, damages and injunctive relief was brought in the United States District Court for the Western District of Louisiana by Sherman Williams and four other Negroes, all residents of Rapides Parish, Louisiana. This action is brought as a class action. Plaintiffs allege that registration is a prerequisite of the right of a citizen to vote in any election—federal, state or local. The contention is that plaintiffs possessed all of the qualifications and have none of the disqualifications to register as electors, but that the defendant James H. McCulley (Registrar of Voters of Rapides Parish) has discriminated against them the right to register simply and solely on account of their race and color. It is alleged that this denial is in violation of the Fourteenth and Fifteenth Amendments of the United States Constitution, as well as certain cited sections of the United States Code. Plaintiffs, in the alternative, assail the constitutionality of Title 18, Section 35 of the LSA–R.S.[1]

■ Defendant has moved to dismiss the action in its entirety on the ground that petitioners have not exhausted the administrative remedies available to them in the state courts. This motion should be and is denied. Lane v. Wilson, 307 U.S. 268, 59 S.Ct. 872, 83 L.Ed. 1281; and Hall v. Nagel, 5 Cir., 154 F.2d 931.

■ Discriminations against a race by barring or limiting citizens of that race from registration are odious to the laws and Constitution of this country. This long has been accepted as the law Lane v. Wilson, supra. Accordingly, we reach the fundamental issue: Have plaintiffs established that defendant has so administered the registration laws of Louisiana as to discriminate against Negroes? We do not think so.

At the hearing before the three-judge court, plaintiff called seven witnesses. They were the five plaintiffs themselves and two white witnesses. No evidence was evoked from the five plaintiffs themselves to show that the white people received better or different treatment. Their testimony was to the effect that they were not permitted to register because they could not interpret the Constitution to the satisfaction of the defendant. Plaintiffs' counsel concedes that if the plaintiffs' applications for registration were not filled out correctly that plaintiffs' applications for registration were properly rejected. Tr. 81, 82 and 83. Plaintiffs rely on the testimony of the two white witnesses, Benny Squyres and Mrs. Cozenza, to show that there was discrimination. Strangely enough, both of these witnesses testified that they were of the opinion that the defendant was discriminating against *them* when he had refused them registration because they had not filled out their cards properly.

Defendant, in addition to filing numerous exhibits, which were chiefly the erroneously filled out applications of plaintiffs, called the Registrar himself. The Registrar's testimony was to the effect that the practices and procedures of his office were precisely the same as to both

1. "Applicants for registration shall also be able to read any clause in the Constitution of Louisiana or of the United States and give a reasonable interpretation thereof."

Negroes and white persons, and that both as to the plaintiffs and others offering to register there was no discrimination whatsoever against the members of the Negro race. The exhibits corroborate the testimony of the Registrar as to the reason for refusing registration to plaintiffs.

A review of the testimony and exhibits satisfies the court in its finding of facts as follows:

(1) With the exception of Mrs. Leola Enochs and Sherman Williams, all of the alleged inferences of discrimination occurred before defendant took office as Registrar of Voters.

(2) It is more difficult for applicants, colored and white, to register in Rapides Parish now than it was prior to 1952.

(3) When Mr. McCulley, the defendant, took over as Registrar, he instituted the policy of a strict compliance with the Louisiana Constitution and statutory requirements, and particularly those requiring all applicants to fill out their own cards without assistance.

(4) This practice inevitably resulted in the disqualification of quite a few residents of Rapides Parish, both white and Negro, who previously were able to register.

(5) We find that an examination of the testimony and of the exhibits clearly indicate that petitioners Wesley Harris, Florence Harris, Mable Johnson and Sherman Williams were unable to fill out proper cards on the dates of their respective applications, as required by Article 8 Section 1(c) of the LSA–Constitution, and it was for that reason that they were refused registration.[2]

(6) Leola Enochs, after filling out six cards incorrectly, finally executed a satisfactory card. However, when defendant, in carrying out the policy of his office, asked her to read a portion of the Constitution dealing with religious freedom, she either could not or did not comply, and accordingly, was refused a certificate of registration.

(7) The record reveals that some 300 white people and some 800 Negroes were denied registration for the same reasons that plaintiffs were denied registration.

(8) Human beings are subject to error, and under the best system there will be a few, white and Negro, who do not receive identical treatment; but as long as these isolated cases are the extreme exception and there is a general policy for all, Negro and white, literate and illiterate, then there is no discrimination under the federal Constitution.

(9) Unless the court goes completely beyond the record, we do not see how we could decide that the administration of the laws by the defendant penalized Negroes any more than it did other citizens.

### Conclusion

We do not intimate any ultimate answer to the constitutional question sought to be raised other than to observe that it is an undeviating rule of the courts not to decide constitutional questions until the necessity for such decision arises. Because of the fact that no discrimination has been proven, no such necessity exists here.

We have reached our conclusions with an acute and sustained awareness of our duty to protect the constitutional rights of all. But we are not at liberty to impose on state and local authorities our conception of what constitutes a proper administration of their offices, so long as there is no discrimination and the laws are equally administered.

Petitioners have not proven their case. Accordingly, their demands should be and are rejected.

2. Plaintiffs' counsel has conceded that if a prospective applicant could not properly fill out the card, then it was proper for the Registrar to reject the applicant.