Maynard Dare **PARSELL** and Melvin West Parsell,

v.

**UNITED STATES** of America.

No. 15006.

United States Court of Appeals, Fifth Circuit.

Jan. 7, 1955.

---

7. N. L. R. B. v. National Maritime Union of America, 2 Cir., 175 F.2d 686, 689;

N. L. R. B. v. George D. Auchter Co., 5 Cir., 209 F.2d 273, 276–277.

Melvin W. Parsell, in pro. per.

Malcolm R. Wilkey, U. S. Atty., C. Anthony Friloux, Asst. U. S. Atty., Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES, Circuit Judge.

HUTCHESON, Chief Judge.

Convicted of a conspiracy to unlawfully acquire and possess, and of acquiring and possessing, marihuana in violation of Sec. 2593(a), Title 26 U.S.C., and sentenced to imprisonment and fined, defendants appealed. In connection with their appeals, each filed an affidavit of inability to pay costs, stating that "he is a citizen of the United States and that because of his poverty he is unable to pay the costs of appeal or pay the costs of stenographic transcript and printing the record on appeal, if such printing should be required by the appellate court, or to give security therefor."

Thereupon the district judge filed "a memorandum on application for allowance of appeal in forma pauperis", in which, reciting the conviction and sentence of the defendants and the filing of the affidavits, he held that for the reasons [1] stated by him at length, he

1. These reasons included a full resume of the evidence, the statement that it was sufficient to establish, indeed that it overwhelmingly established guilt beyond any reasonable doubt and the further statements that the court's charge covered every phase of the case, including submission of defendant's affirmative defenses and the law of circumstantial evidence, and that no exceptions were taken to the charge and no objections made to the introduction of evidence.

was of the opinion that there was no merit in the appeals.

Notwithstanding this view, he allowed the appeal in forma pauperis but directed that no stenographic transcript be, and none was, furnished at government expense. As set out in his memorandum, these are the reasons he gave for so doing:

"Section 1915(a) of Title 28 authorizes proceedings in forma pauperis but provides that 'an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.' Although for the reasons hereafter stated, I am of the opinion that there is no merit in the proposed appeals, I am not willing to say they are not taken in good faith. The appeal, therefore, will be allowed.

"Defendants have not filed a designation of the portions of the record to be incorporated in the transcript, but, judging from my experience with other cases, I have no doubt that presently there will be a request for copies of the record, including the reporter's transcript of the testimony. I shall therefore discuss this in advance and review the record at this time for the benefit of defendants and the court of appeals.

"Section 1915(b) of Title 28, as amended in 1951, reads:

" 'In any civil or criminal case the court may, upon the filing of a like affidavit, direct that the expense of printing the record on appeal, if such printing is required by the appellate court, be paid by the United States, and the same shall be paid when authorized by the Director of the Administrative Office of the United States Courts.'

"Prior to the amendment the court was authorized to direct that the expenses of furnishing a *stenographic* transcript, as well as printing, the record, be paid by the United States. This authority to provide a free transcript of the testimony in appeals in forma pauperis was eliminated, however, by the amendment of 1951. While I believe that in a proper case, the court still can require the furnishing of a transcript at government cost, I am convinced that it cannot, and should not, be done unless the court certifies that there is merit in the appeal. Taylor v. Steele, 8 Cir., 191 F.2d 852; In re Quantz, D.C. D.C., 106 F.Supp. 557. See also U. S. v. Carter, D.C.D.C., 88 F.Supp. 88 and U. S. v. Bernett, D.C.Md., 92 F.Supp. 26, holding that the court is not required to direct the furnishing of a transcript at government expense in proceedings brought under 28 U.S.C.A., 2255, to set aside a conviction. This I cannot do in this case."

"I feel that defendants had a fair trial and that their every right was protected. I dislike to deny an appeal in its entirety in a criminal case. Leave to appeal in forma pauperis, therefore, is granted. But the record on appeal will not contain a stenographic report of the testimony at Government expense.

"The clerk will notify counsel and defendants personally."

It will be noted from the above that the district judge, apparently of the opinion that whether a stenographic record should be made up and filed at government expense was controlled by Sec. 1915(b), 28 U.S.C., as amended in 1951, did not give any effect to, or otherwise concern himself with, Sec. 753(f) of Title 28, providing:

"Fees for transcripts furnished in criminal or habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose."

Matters standing thus with respect to the stenographic record, appellants, though furnished by the clerk with the

transcript of the filed papers, are in no position to effectively argue or even to present their sole ground for reversal which is that the evidence, which was circumstantial, is wholly insufficient to sustain their conviction.

In these circumstances, though appellants have not complained of the absence of the transcript or raised the question of the validity and correctness of the order directing that the record on appeal not contain a stenographic report of the testimony at government expense, and the United States has not raised the question of the propriety and validity of the court's order allowing an appeal in forma pauperis, these questions are inescapably raised on the face of the record, and we must dispose of them.

▮ Addressing ourselves to the first question, the right of the court in a criminal case, where it is proper to allow an appeal in forma pauperis, to direct that a stenographic transcript not be furnished at the expense of the United States, we are of the opinion that if the order allowing the appeal in forma pauperis was correctly and validly entered, appellants were, and are entitled under Sec. 753(f), supra, to have the stenographic transcript prepared at the expense of the United States and the order directing that it not be furnished was erroneous. We turn then to the inquiry whether, in the light of his findings and opinion, the district judge erred in authorizing in forma pauperis appeals.

We think it clear that he did, that the order was improvidently made, and that the appeal should be dismissed.

▮ An appeal in forma pauperis is a privilege and not a right. Refusing to grant one the right thus to appeal does not offend the requirements of due process. Clough v. Hunter, 10 Cir., 191 F.2d 516, 518 and cases cited in note 2 thereof, to which may be added Askins v. Overholser, 83 U.S.App.D.C. 248, 170 F.2d 815, 819.

In Gilmore v. United States, 8 Cir., 131 F.2d 873, 874, the court, citing many cases to which many others might have been added, said:

"A federal court will not grant leave to a poor person to proceed in forma pauperis, under § 832 Title 28, U.S.C.A. [now section 1915, 28 U.S.C.A.], if it is clear that the proceeding which he proposes to conduct is without merit and will be futile."

▮ In Higgins v. Steele, 195 F.2d 366, 367, 368, Judge Sanborn, for the Eighth Circuit, in a thoroughly considered, well reasoned, and fully supported opinion, with which we find ourselves in complete agreement, so adequately and correctly redeclared the long standing rule, that an appeal in forma pauperis should not, indeed may not, be allowed where it is plainly without merit, indeed so clearly pointed out the course to be taken and the reasons for that course that we adopt and quote fully from it as follows:

"Leave to proceed in forma pauperis under 28 U.S.C.A. § 1915 is a privilege, not a right. Prince v. Klune, 80 U.S.App.D.C. 31, 148 F.2d 18; Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857, 877. An application for leave to proceed in forma pauperis is addressed to the sound discretion of the court, and an order denying such an application is not a final order from which an appeal will lie * * *.

* * * * * * *

"This does not necessarily mean, we think, that a court must deny leave to a petitioner to file a meritless petition without payment of clerk's fees. In the interest of orderly procedure and of keeping proper court records, it may be advisable to permit the petitioner to file his petition if it is one which the court has jurisdiction to entertain, and then to dismiss it 'if satisfied that the action is frivolous or malicious.' 28 U.S.C.A. § 1915(d). But there is no reason why a respondent in a patently frivolous

proceeding should be called upon to make a return or answer, or why an appeal in forma pauperis should be allowed a petitioner from an order dismissing such a proceeding or denying the relief prayed for. The District Court may, however, we think, for the sake of the record, permit the filing of a notice of appeal without prepayment of costs, even in a frivolous case, before certifying that the appeal is not taken in good faith, in order to avoid any controversy as to the time when the notice was received by the Clerk.

*"Although no district judge likes to pass upon the correctness of his own decisions, it is his duty, if he is thoroughly convinced that there is no substantial question for review and that an appeal will be futile, to certify that the appeal sought to be taken in forma pauperis is not taken in good faith.* And we will not entertain a direct application to this Court for a certificate of good faith as a basis for allowing an appeal in forma pauperis unless it clearly appears from the record submitted to us that the denial of such a certificate by the trial court was arbitrary or unwarranted. See Wells v. United States, 318 U.S. 257, 259, 63 S.Ct. 582, 87 L.Ed. 746; Johnson v. Hunter, 10 Cir., 144 F.2d 565, 566–567. We say this not to relieve ourselves of the burden of reviewing cases which have no merit, but to relieve those who are required to resist such appeals of unnecessary trouble and expense.

"The federal courts should, we think, do all that reasonably and lawfully may be done to dispose of petitions for habeas corpus, and kindred proceedings, which are patently frivolous or obviously without merit, as expeditiously and with as little trouble and expense to the respondents as possible. While it is important that no prisoner be denied justice because of his poverty, it is also important that the prison authorities, government counsel, and the courts be not harrassed by patently repetitious, meritless, frivolous or malicious proceedings." (Emphasis supplied.)

█ In the light of these principles and of the findings and conclusions of the district judge, that the appeal was patently without merit, we think it clear beyond question that, in declining to certify that the appeal was not taken in good faith and in authorizing it in forma pauperis, the district judge, putting a premium on ignorance of the law, gave to the words "good faith"[2] in Sec. 1915 (a) a subjective or personal meaning, which it was not intended to and does not carry, rather then the objective one correctly set out in the quotation above from the Higgins case. Under it, if a judge is convinced, as the judge was here, that there is no substantial question for review and an appeal is frivolous and therefore futile, it is his duty to certify that the appeal sought to be taken in forma pauperis is not taken in good faith.

The order allowing the appeal in forma pauperis was erroneous. The appeal is dismissed.

---

2. Compare the decision in connection with reorganization proceedings, First National Bank of Wellston v. Conway Rood Estates Co., 8 Cir., 94 F.2d 736, 739, where it is said in a reorganization proceeding under Sec. 77(b), "Good faith means more than honesty of purpose. It also requires that there be a reasonable possibility of successful reorganization."

Other cases to the same effect are: In re Tennessee Publishing Co., 6 Cir., 81 F.2d 463, 466–467; Manati Sugar Co. v. Mock, 2 Cir., 75 F.2d 284; In re 235 West 46th St. Co., Inc., 2 Cir., 74 F.2d 700; R. L. Witters Associates, Inc., v. Ebsary Gypsum Co., Inc., 5 Cir., 93 F. 2d 746, at page 749.