Sherman WILLIAMS, et al.

v.

James H. McCULLEY, Registrar of
Voters, Rapides Parish.

Civ. A. No. 4541.

United States District Court
W. D. Louisiana, Alexandria Division.

April 27, 1955.

Louis Berry, Alexandria, La., for
plaintiffs.

Fred S. LeBlanc, Atty. Gen., Grove
Stafford, J. Charles Burden, Jr., Alex-
andria, La., for defendant.

Before HOLMES, Circuit Judge, DAWKINS, Jr., Chief Judge, and HUNTER, District Judge.

HUNTER, District Judge.

This suit for declaratory judgment, damages and injunctive relief was brought in the United States District Court for the Western District of Louisiana by Sherman Williams and four others, all residents of Rapides Parish, Louisiana. Their contention was that they possessed all of the qualifications and had none of the disqualifications to register as electors, but that the defendant, James H. McCulley, Registrar of Voters of Rapides Parish—now deceased —discriminated against them solely on account of their race and color. It was alleged that this was a denial in violation of the Fourteenth and Fifteenth Amendments of the United States Constitution; and in the alternative, plaintiffs assailed the constitutionality of Title 18, Section 35 of the Louisiana Revised Statutes of 1950.

A three-judge court rejected the demands of the plaintiffs in a decision rendered on January 3, 1955, D.C., 128 F. Supp. 897. On February 22, 1955, plaintiffs petitioned for an order to appeal in forma pauperis. On March 1, 1955, plaintiffs filed notice of appeal to the Supreme Court. On or about March 5, 1955, defendant passed away. When the motion to appeal in forma pauperis was called for hearing on March 16, 1955, it was continued because plaintiffs' attorney was not able to appear. On April 5, 1955, plaintiffs filed a motion to substitute the present Registrar of Voters, as a party defendant in lieu of the deceased McCulley. This motion, and the one to appeal in forma pauperis are now pending.

Rule 25(d) of the Federal Rules, 28 U.S.C.A., makes it clear that if a plaintiff, by supplemental pleading, shows that the successor continues or threatens to continue the predecessor's action in enforcing a law averred to be in violation of the Constitution of the United States, substitution may be properly made. No such supplemental pleading has been made here, and in the absence of such pleading, a public officer cannot be substituted in a suit against his predecessor, such as the enforcement of an unconstitutional statute. Because the present motion contains neither an averment nor a showing that the successor continues or threatens to continue such actions, the motion to substitute party defendant is denied.

The narrow issue which remains for our decision is whether or not these petitioners are to be permitted to proceed in forma pauperis under Title 28 U.S.C.A. § 1915. An appeal in forma pauperis under this section is a privilege and not a right. Refusing to grant one the right thus to appeal does not offend the requirements of due process. Parsell v. United States, 5 Cir., 1955, 218 F.2d 232; Clough v. Hunter, 10 Cir., 191 F.2d 516. The Fifth Circuit, in the recent Parsell case, supra, adopted as its own the thoroughly considered, well-reasoned and fully supported opinion of Judge Sanborn in Higgins v. Steele, 8 Cir., 195 F.2d 366, 367 and 368. In that case the court re-declared the long standing rule that an appeal in forma pauperis should not, indeed may not, be allowed where it is without merit. We quote fully from that opinion as follows [218 F.2d 235]:

"'Leave to proceed in forma pauperis under 28 U.S.C. § 1915 is a privilege, not a right. Prince v. Klune, 80 U.S.App.D.C. 31, 148 F.2d 18; Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857, 877. An application for leave to proceed in forma pauperis is addressed to the sound discretion of the court, and an order denying such an application is not a final order from which an appeal will lie * * *.

\* \* \* \* \* \*

"'This does not necessarily mean, we think, that a court must deny leave to a petitioner to file a meritless petition without payment of

clerk's fees. In the interest of orderly procedure and of keeping proper court records, it may be advisable to permit the petitioner to file his petition if it is one which the court has jurisdiction to entertain, and then to dismiss it "if satisfied that the action is frivolous or malicious." 28 U.S.C.A. § 1915(d). But there is no reason why a respondent in a patently frivolous proceeding should be called upon to make a return or answer, or why an appeal in forma pauperis should be allowed a petitioner from an order dismissing such a proceeding or denying the relief prayed for. The District Court may, however, we think, for the sake of the record, permit the filing of a notice of appeal without prepayment of costs, even in a frivolous case, before certifying that the appeal is not taken in good faith, in order to avoid any controversy as to the time when the notice was received by the Clerk.

" 'Although no district judge likes to pass upon the correctness of his own decisions, it is his duty, if he is thoroughly convinced that there is no substantial question for review and that an appeal will be futile, to certify that the appeal sought to be taken in forma pauperis is not taken in good faith. And we will not entertain a direct application to this Court for a certificate of good faith as a basis for allowing an appeal in forma pauperis unless it clearly appears from the record submitted to us that the denial of such a certificate by the trial court was arbitrary

or unwarranted. See Wells v. United States, 318 U.S. 257, 259, 63 S.Ct. 582, 87 L.Ed. 746; Johnson v. Hunter, 10 Cir., 144 F.2d 565, 566–567. We say this not to relieve ourselves of the burden of reviewing cases which have no merit, but to relieve those who are required to resist such appeals of unnecessary trouble and expense.' "

▆▆▆▆ The court's decision on the merits of this case was based solely on findings of fact. The Supreme Court of the United States reverses findings of fact by a trial court only where those facts are clearly erroneous (cite case United States v. United States Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746; Id., 333 U.S. 869, 68 S.Ct. 788, 92 L.Ed. 1147. The three judges who heard this case were of the unanimous and firm opinion that no discrimination was proven. Accordingly, in the light of the principles enunciated in the Steele case and followed in the Parsell case, it is our duty under the law to certify that this appeal may not be taken in forma pauperis.

The defendant died on or about March 5, 1955. This suit abated when defendant McCulley ceased to be Registrar of Voters, unless a proper substitution has been made in accordance with Rule 25(d) of the Federal Rules of Civil Procedure.[1] It is true that a motion was made to substitute, but that motion was denied because of reasons heretofore stated.

For the reasons aforesaid, we believe that it is our duty under the law to certify that the appeal is frivolous. Accordingly, we do so certify, and the motion to appeal in forma pauperis is denied.

1. Ex parte La Prade, 1933, 289 U.S. 444, 53 S.Ct. 682, 77 L.Ed. 1311.