Melvin PERKINS

v.

Edmond RICH, Policeman, and Judge Thomas Herlihy.

Civ. A. No. 2235.

United States District Court
D. Delaware.

March 15, 1962.

Melvin Perkins, pro se.

Aubrey B. Lank, Asst. City Sol., Wilmington, Del., for defendants.

RODNEY, Senior District Judge.

█ The plaintiff here is acting pro se and without counsel and every paper filed is inartistic and almost indecipherable, but under such circumstances it is the duty of the Court to see, in so far as possible, that no indicated rights of such party are overlooked.[1] From matters appearing herein, the following facts are shown.

Since 1955 the following statute of the State of Delaware has appeared as 11 Del C. § 758:

"Whoever makes use of telephone facilities or equipment and therein

communicates language, suggestions or proposals which are obscene, profane, vulgar, lewd, lascivious, or indecent in a manner reasonably to be expected to annoy, abuse, torment, or embarrass another shall be * * * * " punished as the law then directs.

It is alleged in the defendants' affidavits that on the early morning of October 17, 1959 about 2:00 A.M., the plaintiff called the defendant Rich on the telephone and used language within the contemplation of the Statute. Rich subsequently on that morning signed a warrant for the arrest of the plaintiff on a charge of disturbing privacy by telephone. On the same day and pursuant to the warrant, the plaintiff appeared before the defendant, Judge Herlihy, in the Municipal Court for the City of Wilmington. It appears that because of the actions, statements, demeanor and appearance of the plaintiff a mental examination of the plaintiff was directed by Judge Herlihy and the case continued to October 20, bail being set at $1,000. The plaintiff was examined by two doctors and committed to the Delaware State Hospital, from which he was subsequently discharged.[2] On October 20, the date to which the case had been continued, it having been reported to Judge Herlihy that the plaintiff was committed to the Delaware State Hospital, the case against the plaintiff was marked "retired."

From the above facts, the plaintiff sues each of the defendants for $50,000. The plaintiff alleges diversity of citizenship and says:

"I sue under 42 U.S.C.A. 1981–1983 of the U. S. Code and rights."

█ Both defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be grant-

---

1. Ghadiali v. Delaware State Medical Society, D.C., 48 F.Supp. 789, 790, cert. denied 292 U.S. 653, 54 S.Ct. 864, 78 L.Ed. 1502; Picking v. Pennsylvania Railroad Co., 3 Cir., 151 F.2d 240, 244, cert. denied 332 U.S. 776, 68 S.Ct. 38, 92 L.Ed. 361.

2. It is true that in the complaint it is alleged that no bail was set and that he was examined by only one doctor. I am not determining this question of fact, but in view of the conclusions herein reached by me, these matters seem immaterial.

ed under F.R.Civ.P. 12(b), 28 U.S.C.A. Affidavits of all parties have been presented to and not excluded by the Court and the motion will therefore be treated as one under Rule 56.

On February 21, 1962 defendants' counsel moved to have suggested upon the record the death of defendant Rich on February 16, 1962 and to have the action as to that defendant marked abated. A rule to show cause why the case should not be so marked was issued on that date and a hearing held on the question on March 1.

Because the claims against the two defendants embrace different principles of law, they must be considered separately.

### Defendant Rich

While it is undisputed on the record that defendant Rich was an Inspector of Police in the City of Wilmington at all times here relevant, it is also clear from the undisputed facts that no action of his herein concerned was of an official character. It appears that the phone calls allegedly placed by the plaintiff reached defendant Rich in the middle of the night while he was at home in bed, and that he later went to a nearby police station to sign a complaint as could any private citizen. Plaintiff's arrest and trial were carried out by other officials.

■ No valid claim under the Civil Rights Act can be made out from the complaint. That Act is applicable only to persons acting "under color of any statute, ordinance, regulation, custom, or usage, of any State * * *." It has no application to those acts purely private in nature without any official character or color [3] even though those acts be done by one who is also a public official.[4]

■ It is however, discernible from the complaint, although inartistically stated, that plaintiff seeks also to charge

defendant Rich with malicious prosecution. Since this claim would not be based on any federal right, the effect on the suit of defendant's death must be determined by the law of the State of Delaware.[5]

Of course, at common law on the death of a party, the action abated as to him and the survival of any action today depends upon some statutory enactment.

■ The Delaware survival statute, 10 Del.C. § 3701 provides that "all causes of action, except actions for defamation, malicious prosecution, or upon penal statutes, shall survive * * *." Since specifically excluded from survival, an action for malicious prosecution abates as to defendant Rich on his death.

■ Rule 25(a) (2) F.R.Civ.P. provides "In the event of the death of one or more of the * * * defendants in an action in which the right sought to be enforced survives only * * * against the surviving defendants, the action does not abate. The death shall be suggested upon the record and the action shall proceed * * * against the surviving parties."

The death of Rich having been suggested on the record and no cause shown why the suit should not be marked abated as to him, it will be so marked and further consideration given to the claim against Herlihy.

### Judge Herlihy

■ It clearly appears without dispute that Judge Herlihy is and was at the time complained of Chief Judge of the Municipal Court for the City of Wilmington. The powers and jurisdiction of the Court are set out in 11 Del.C. § 5701 et seq. Judge Herlihy was acting within his territorial jurisdiction and had jurisdiction both of the subject matter of the warrant and of the present

3. Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495; United States v. Raines, D.C., 172 F.Supp. 552, 557, rev'd on other grounds, 362 U.S. 17, 80 S.Ct. 519, 4 L.Ed.2d 524.

4. Watkins v. Oaklawn Jockey Club, 8 Cir., 183 F.2d 440.

5. 4 Moore, Federal Practice ¶25.04, page 515, note 4. See also 1 Am.Jur. page 77 and cases there cited.

plaintiff then appearing before him as a defendant in a criminal proceeding.

It is a principle of universal acceptation, sustained by many centuries of unbroken precedents, that a judge acting in a criminal matter within his territorial limits and having jurisdiction of the subject matter and of the person, cannot be subjected to responsibility for his action in a civil proceeding. Citation of authorities other than Bradley v. Fisher, 13 Wall. 335, 346, 80 U.S. 335, 346, 20 L.Ed. 646, and the authorities cited in United States ex rel. McNeill v. Tarumianz, D.C., 141 F.Supp. 739, aff'd. 3 Cir., 242 F.2d 191, seem unnecessary.

■ The plaintiff in some slight way indicates reliance upon the Civil Rights Act, 42 U.S.C.A. §§ 1981–1983. Without at all conceding that the indicated facts show any cause of action under the cited Act, I am of the opinion that the principle of judicial immunity has equal application under that Act as in other appropriate cases. It is true that in Picking v. Pennsylvania Railroad, 3 Cir., 151 F.2d 240, it was held in 1945 that judicial immunity did not apply in cases under the Civil Rights Act. The Picking case, however, was decided before the Supreme Court in Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019, in 1951 held that immunity exists as to legislators under the Civil Rights Act. It has generally been held that the Tenney case constitutes a tacit disapproval of the holding in the Picking case.[6]

I am of the opinion that the summary judgment should be granted and the complaint dismissed as to Judge Herlihy.

Orders may be submitted marking the action abated as to defendant Rich and dismissing the complaint as to defendant Herlihy.

The name of Edwin Rich was incorrectly stated in the caption of the case as Edmond Rich, but the two names represent one and the same person.

---

6. Francis v. Crafts, 1 Cir., 203 F.2d 809, cert. denied 346 U.S. 835, 74 S.Ct. 43, 98 L.Ed. 357; United States ex rel. McNeill v. Tarumianz, D.C., 141 F.Supp. 739;

---

United States ex rel. Peters v. Carson, D.C., 126 F.Supp. 137; Doctrine of Official Immunity under the Civil Rights Act, 68 Harvard Law Review 1229.