Donald Lee **WOODRUFF**

v.

**The CITY AND COUNTY OF PHILADELPHIA,**

**Charles L. Guerin, Judge of the Court of Quarter Sessions in and for the County of Philadelphia,**

**Edward D. Keiser, Magistrate in and for the City and County of Philadelphia,**

**John DeBenedetto, Detective in and for the City of Philadelphia**
**and**
**Fredrick H. Downs, Jr., Chief Probation Officer in and for the City and County of Philadelphia.**
Civ. A. No. 39302.

United States District Court
E. D. Pennsylvania.
Dec. 13, 1965.

Donald Lee Woodruff, pro se.

HIGGINBOTHAM, District Judge.

Plaintiff, Donald Lee Woodruff, requests this Court to grant him leave to proceed in forma pauperis [1] in his civil rights complaint which alleges that the above named defendants, individually,

and jointly as part of a conspiracy, deprived him of certain constitutional rights in derogation of the Civil Rights Act, 42 U.S.C.A. 1983 et seq. He seeks damages in the amount of $500,000.00 and other relief.

A threshold question raised by his petition is whether leave should be granted to file the complaint in forma pauperis against some of the parties, where there is no meritorious cause of action stated against them.

From my review, his complaint is so lacking in merit against three of the five defendants, that the petition in its present form will be denied.

I.

Plaintiff relies on Picking v. Pennsylvania Railroad Co., 151 F.2d 240 (3 Cir., 1945) to sustain his complaint against the standard defense of judicial immunity, which would be available to Judge Charles L. Guerin and Magistrate Edward D. Keiser. If Picking, supra, were the most recent authority on the question of judicial immunity in this type of case, I would grant him leave to proceed in forma pauperis.[2] However, by reason of cases subsequent to Picking, and particularly the United States Supreme Court's opinion in Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019, the Picking doctrine can no longer be considered as decisive on this question in cases under the Civil Rights Act (42 U.S.C.A. 1981 et seq.). Every Judge in this Circuit who has had the opportunity to discuss the Picking doctrine subsequent to Tenney has been in accord with Chief Judge Gourley's statement that he has "no doubt that the Third Circuit would no longer feel obliged, as it did in the Picking case, to read the Civil Rights Act in such literal and unqualified manner as to impose a liabil-

---

1. 28 U.S.C.A. 1915, June 25, 1948, c. 646, 62 Stat. 954 amended May 24, 1949, c. 139, § 98, 63 Stat. 104 amended October 31, 1951, c. 655, § 51(b, c), 65 Stat.

727; Sept. 21, 1959. Pub.L. 86–320, 73 Stat. 590.

2. Of course leave to proceed in forma pauperis is not an adjudication on the merits of his complaint.

ity for damages upon a State judicial officer for acts done in the exercise of his judicial function." Ginsburg v. Stern, 19 F.R.D. 238, 243 (W.D.Pa., 1956). See also: Perkins v. Rich, 204 F.Supp. 98 (D.Delaware, 1962) affirmed per curiam 316 F.2d 236 (3rd Cir., 1963).

 This action is taken with full awareness of the decision of the Court of Appeals for the Third Circuit in Urbano v. Calissi, 353 F.2d 196 (November 23, 1965). It is my understanding that the decision in that case was not intended to contravene the long standing doctrine that the petition to proceed in forma pauperis must be denied where there is a failure to state a meritorious cause of action. See: Weller v. Dickson, 314 F.2d 598 (9th Cir., 1963), Shields v. United States, 201 F.Supp. 790 (E.D.Kentucky, 1962), Jefferson v. Heinze, 201 F.Supp. 606 (N.D.California, 1962), Williams v. McCulley, 131 F.Supp. 162 (W.D.Louisiant, 1955).[3]

## II.

 Insofar as he seeks to recover damages against the City and County of Philadelphia, the plaintiff's petition to proceed in forma pauperis is denied in accordance with the ruling of the United States Supreme Court ruling in Monroe v. Pape, 365 U.S. 167, 187, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) that it was not the intention of Congress to bring municipal corporations within the ambit of the Civil Rights Act.

## III.

This dismissal, as to the forma pauperis petition, is without prejudice to the plaintiff to proceed in forma pauperis against the remaining named parties with an amended complaint limited to them. Similarly, granting leave to file an amended petition and complaint, does not indicate that the plaintiff would have a meritorious claim against Detective DeBenedetto and Probation Officer Downs. The latter issues can be decided when and if an appropriate forma pauperis petition and amended complaint are presented.

3. In Williams v. McCulley, 131 F.Supp. 162 (W.D.Louisiana, 1955) a three judge district court noted:
"The Fifth Circuit, in the recent Parsell case [218 F.2d 232] * * *, adopted as its own the thoroughly considered, well-reasoned and fully supported opinion of Judge Sanborn in Higgins v. Steele, 8 Cir., 195 F.2d 366, 367 and 368. In that case the court re-declared the long-standing rule that an appeal in forma pauperis should not, indeed may not, be allowed where it is without merit." (p. 163).
The Statute in issue, 28 U.S.C.A. 1915, is equally applicable to proceedings which are "civil or criminal, or appeal" in any court of the United States.