**Georgette NABHANI, Plaintiff,**

**v.**

**Daniel COGLIANESE, Joseph Iosco, Joseph Belline, William Jordan, Vincent Zarlenga, Harry Gelardi, Douglas Lhotka, Edward Bork, the Elementary School Board District 89 and The Elementary School District 89, Defendants.**

**No. 81 C 6155.**

United States District Court,
N.D. Illinois, E.D.

Nov. 29, 1982.

Robert W. Smith, Nabhani & Smith, Oak Park, Ill., for plaintiff.

Francis A. Fanelli, Don Hamilton, Melrose Park, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Georgette Nabhani ("Nabhani") brought this action under 42 U.S.C. § 1981, § 1983, § 1985(3) and § 1986 [1] alleging violations of her civil rights by the seven individuals who comprise the District 89 School Board, by the District 89 Supervisor of Buildings and Grounds and by the School District itself. Nabhani alleges that she was excluded from a gathering at which all members of the School Board were present

---

1. Since the allegations of the complaint invoke only §§ 1983 and 1985(3), only those sections will be addressed by this opinion.

and discussed school district business. She contends that exclusion from this gathering, which she characterized as a school board meeting, denied her constitutional rights of due process and equal protection of the laws, freedom of speech, freedom of association and the right to petition the government. Defendants reply that the gathering was a political rally, that no discussion was held concerning school business, and that the parties charged, who were acting as private citizens, had a right to exclude the plaintiff. Presently before the Court is defendants' motion for summary judgment.[2] The Court, having carefully considered all pleadings, affidavits, counter-affidavits and answers to interrogatories on file, concludes, for reasons stated below, that defendants have shown there is no genuine issue of material fact, and that they are entitled to judgment as a matter of law. We therefore grant their motion for summary judgment.

### Standards For Summary Judgment

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when the materials before the court "show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R. Civ.P. 56(c). It is the burden of the moving party to establish that this standard is met. *Cedillo v. International Association of Bridge & Structural Iron Workers, Local Union No. 1,* 603 F.2d 7, 10 (7th Cir.1979). The non-moving party is entitled to all reasonable inferences that can be made in its favor from the evidence presented. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Moutoux v. Gulling Auto Electric, Inc.,* 295 F.2d 573, 576 (7th Cir.1961). Once the moving party conclusively shows that genuine issues of material fact are absent, the non-movant may not merely rely on its pleadings, but rather must affirmatively set forth specific facts showing that there are

issues which must be decided at trial. *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289–90, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968). If affidavits are submitted by either party, they must contain more than mere conclusions of law or restatements of allegations in the pleadings to be sufficient. *Walling v. Fairmont Creamery Co.,* 139 F.2d 318 (8th Cir. 1943). As the Supreme Court has stated:

> [W]hile we recognize the importance of preserving litigant's rights to a trial on their claims, we are not prepared to extend those rights to the point of requiring that anyone who files ... [a] complaint setting forth a valid cause of action be entitled to a full-dress trial notwithstanding the absence of any significant probative evidence tending to support the complaint.

*First National Bank, supra* 391 U.S. at 290, 88 S.Ct. at 1593. With these standards in mind, we must analyze the materials provided by Nabhani and the defendants.

### Necessity For Establishing The Occurrence Of A Meeting

Both parties to this action agree that the threshold issue in the case is whether the gathering of October 26, 1981, was a school board "meeting"[3] or a political rally. The merits of plaintiff's entire claim depend on establishment of this fact. If Nabhani is to prevail on her § 1983 claim, she must show that the actions of defendants (1) violated rights guaranteed her through the fourteenth amendment, and (2) were committed "under color of state law." *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S.Ct. 1729, 1732, 56 L.Ed.2d 185 (1978). Both of these issues depend on a determination that the gathering was a "meeting" of the school board. If the gathering was merely a political rally of people desiring to advance their shared beliefs, then the Constitution permits the participants to "identify the people who comprise the association and to limit

---

2. On March 17, 1982, this Court denied defendants' motion to dismiss Count I of Nabhani's complaint by Memorandum Opinion and Order.

3. As will be discussed *infra,* since all parties are citizens of Illinois, the definition of the word "meeting" will be drawn from Illinois law.

the association to those people only." *Democratic Party of U.S. v. LaFollette,* 450 U.S. 107, 122 and n. 22, 101 S.Ct. 1010, 1019, 67 L.Ed.2d 82 (1981); *see also Flagg Bros., Inc., supra* 436 U.S. at 158, 98 S.Ct. at 1734. Therefore, exclusion of Nabhani from a legitimately private political gathering would not violate any right guaranteed her by the Constitution or laws of the United States, and thus not support a § 1983 action. On the other hand, if this was a school board "meeting," the laws of Illinois mandate that it must be public, Ill.Rev.Stat. ch. 102, §§ 41–46 (1980), and Nabhani's exclusion may have violated her constitutional rights.

To sustain her § 1983 action, plaintiff must show that defendants were acting "under color of state law." Nabhani could do this by demonstrating that the defendants were acting in their roles as public officials and carrying out a policy, custom or usage of the school district, a state entity. *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).[4] Again, it becomes essential to establish that this was a school board meeting. Private acts of public officials cannot be attacked under § 1983. The fourteenth amendment " 'erects no shield against merely private conduct, however discriminatory or wrong-ful.' " *Adickes v. Kress Co.,* 398 U.S. 144, 169, 90 S.Ct. 1598, 1614, 26 L.Ed.2d 142 (1970), quoting *Shelley v. Kraemer,* 334 U.S. 1, 13, 68 S.Ct. 836, 842, 92 L.Ed. 1161 (1948). *See also Polk County v. Dobson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Perkins v. Rich,* 204 F.Supp. 98 (D.C.Del. 1962); *Cook v. Krueger,* No. 79 C 4460, slip. op. at 3 (N.D.Ill.1980). If Nabhani can establish that the event was a "meeting," however, then the defendants could be seen as acting in their official capacity; it would only remain for Nabhani to show that defendants' actions were in furtherance of a policy, custom or usage of the school district.[5]

The existence of a meeting is thus the lynchpin of this case; to win their motion for summary judgment, defendants must supply evidence that forecloses the possibility of a genuine issue of material fact in this regard. *Adickes, supra* at 159–60, 90 S.Ct. at 1609; *First National Bank, supra* 391 U.S. at 289, 88 S.Ct. 1592–93. If defendants are able to make this prima facie showing, plaintiff must respond by affidavit or otherwise with "specific facts showing that there is a genuine issue for trial," Fed.R.Civ.P. 56(e), or an affidavit showing

---

4. *Monroe* was overruled by *Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), insofar as it held that local governments are wholly immune from suit under § 1983. We need not reach the issue of liability of the School District in this case in view of our grant of summary judgment to defendants.

5. This is not to say that private parties can never be charged with civil rights violations. However, such allegations will only succeed where actions of the private party "may be fairly treated as that of the State itself," *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974), or under 42 U.S.C. § 1985(3), where the private party has acted as party of a conspiracy with state officials to deny the plaintiff's rights. *Adickes, supra* 398 U.S. at 152, 90 S.Ct. at 1605–06. To succeed under the latter standard, Nabhani would have to establish that a "meeting" occurred in order for the Court to find that at least some defendants were the "officials" with whom other defendants conspired.

The more difficult question is whether Nabhani could, by showing only a political rally, establish that the acts of these private citizens were effectively the acts of the state. In cases such as *Terry v. Adams,* 345 U.S. 461, 73 S.Ct. 809, 97 L.Ed. 1152 (1953), and *Smith v. Allwright,* 321 U.S. 649, 64 S.Ct. 757, 88 L.Ed. 987 (1944), the Supreme Court has found that in a particular community some portion of the political process, *e.g.,* a party caucus, other than the election itself is the essence of the process and that exclusion from that portion of the process violates a citizen's constitutional rights. While it is impliedly agreed in the case at bar that all members of the District 89 School Board are members of the same political association, Nabhani's complaint does not allege that the gathering from which she was excluded was for the purpose of selecting candidates or in any other way reached the equivalent of an election. Nor does Nabhani allege that she was denied the ability to form her own political party, oppose the candidates supported by the defendants or participate in the election. We conclude that Nabhani must establish that the gathering was a meeting in order to further show that acts of defendants as private parties can be "fairly treated" as acts of the State.

that there are justifiable reasons why opposing affidavits cannot be filed presently. Fed.R.Civ.P. 56(f). The Court finds that the movants have met their burden, but that the plaintiff has failed to meet hers.

The Evidence Before The Court

Defendants filed seven affidavits with their motion for summary judgment. Two of the affiants were parties and five were non-parties. All affirmed they were present at the gathering and that no school business was discussed or acted on.[6] Upon receipt of the affidavits, Nabhani moved for, and was granted, a Rule 56(f) continuance on the grounds that all the essential facts were within the knowledge of the defendants and that she needed more time to submit interrogatories and depose witnesses.[7]

Nabhani was permitted additional time to submit interrogatories and take depositions. In defendants' answers to Nabhani's interrogatories, they made a variety of statements regarding the specific matters discussed at the gathering in question.[8] In addition, each defendant's answer to interrogatories stated specifically that those topics which Nabhani's complaint alleges were discussed were not mentioned by the speakers.[9] It is the discussion of these topics upon which plaintiff rests her conclusion that a "meeting" of the school board occurred.

Since the defendants, Illinois officials and an Illinois local entity, only act under color of state law if the gathering meets Illinois' state statutory and case law definition of a "meeting," we must next consider what that definition encompassed. Under the Illinois Open Meetings Act, the state declares as public policy that the actions and deliberations of public bodies should be conducted openly. Ill.Rev.Stat. ch. 102, § 41 (1980). The public may only be excluded from discussions of a few topics specified in the statute at section 42.[10] The definition of a "meeting" under the Act rests on the presence of a majority of a quorum, Ill.Rev. Stat. ch. 102, § 41.02, and "discussion" *Id.* or "deliberation" of public business. Attorney General Opinion No. S–729 at 144 (April 2, 1974). A "meeting" under the Act, has been variously described as a gathering "designed to discuss or reach an accord with regard to public business," *People ex rel. Defanis v. Barr,* 83 Ill.2d 191, 210, 46 Ill. Dec. 678, 688, 414 N.E.2d 731, 740 (1980), or as " 'collective discussion . . . and exchange of facts preliminary to the ultimate decision.' " Op.Ill.Att'y.Gen. No. S–726 at 125 (March 22, 1974), citing *Sacramento News-*

---

**6.** The affiants further stated that the gathering had no agenda, that the secretary of the Board did not sit with the defendants or record the proceedings, that the purpose of the gathering was to meet and support candidates and that the Superintendent of the Board was not present and did not present any recommendations on school matters.

**7.** Even though a continuance was granted from August 3, 1982, to September 3, 1982, plaintiff did not file interrogatories until August 16, 1982. Nor did she schedule depositions with, or obtain affidavits from, any of the approximately fifty persons whom defendants identified in their answers to interrogatories as being present at the meeting. To date, while specifically permitted to do so, plaintiff has filed no notices of depositions.

**8.** The statements include: "I thanked the people attending for coming out to support the candidates;" "I stated that the Board always tried to represent all of the people;" "I said that I would like to have a better turnout for the election from the residents of Maywood;" "The speakers expressed the feeling that they had done a good job in the past and would continue to do so;" "It was mentioned by one of the speakers that the district was solvent;" "I recall mentioning that I had children of my own attending school;" "I also recall stating that if I were reelected I would try to see that all schools would function the same."

**9.** Nabhani alleges the following topics were discussed: teachers' working conditions, contract and strikes; school budget, expenditure for reading, math and science programs; expenditure for building maintenance; patronage employment.

**10.** Since plaintiff's original Count II, alleging a violation of the Open Meetings Act, was dismissed by this Court in its opinion and order of March 17, 1982, it is unnecessary at this juncture to decide any more than merely whether a "meeting" occurred. Any gathering that rises to the level of a school board meeting casts the defendants in their roles as state actors and permits plaintiff's cause to stand.

*paper Guild v. Sacramento Co. Bd. of Super,* 263 Cal.App.2d 41, 69 Cal.Rptr. 480, 485 (1968). Webster's Third New International Dictionary (1976) defines "deliberate" as follows: "to ponder or think about with measured careful consideration and often with formal discussion before reaching a decision or conclusion."

In the case at bar, evidence of the statements made at the gathering fails to elevate the event to the status of a "meeting" within Illinois law. There was no examining or weighing of reasons for or against a course of action, no exchange of facts preliminary to a decision, no attempt to reach accord on a specific matter of school district business. Instead, the evidence shows that the participants' discussions were exclusively political in nature. This Court is wary of a finding that candidate's political rhetoric must be devoid of reference to the actions of the body to which they seek election at the peril of rendering them subject to the penalties of an open meetings statute. Such a holding would greatly interfere with the ability of the electorate to make informed choices among candidates. Since all members of the District 89 school board were present at this event, it might be argued that the gathering *could* have risen to the standard of a "meeting." However, the defendants' evidence shows that *it did not.*

In reply to defendants' affidavits and answers to interrogatories, Nabhani has filed only her own counter-affidavit, in which she states she entered the gathering while it was in progress, she was asked to leave, she did leave and the speakers discussed the aforementioned topics of school board business. It is evident that Nabhani's assertions about the topics discussed are unattributed hearsay. If she entered while the event was in progress and left immediately, she could not have personally heard the alleged discussion of eight topics of school business. The defendants correctly object to this portion of the counter-affidavit as unacceptable.

Rule 56 demands that affidavits filed supporting or opposing summary judgment be made on personal knowledge, contain admissible facts and show the affiant competent to testify at trial as to the facts stated. Fed.R.Civ.P. 56(e). The Court finds that the crucial portion of Nabhani's counter-affidavit, dealing with whether a "meeting" occurred, fails to comply with Rule 56(e). Nabhani presents no affidavits from persons present at the gathering who could state facts that would put the nature of the gathering into issue; nor does she present an affidavit asserting that there are justifiable reasons why she cannot produce such affidavits. The Court must conclude that Nabhani has no *facts* at her disposal which would put the matter into issue, but that she instead relies on an unverified suspicion that deliberation of public matters occurred at the gathering. This is not sufficient to oppose a properly supported motion for summary judgment. *United States v. Kansas Gas and Electric Co.,* 287 F.2d 601, 603 (10th Cir.1961); *Watson v. Southern Ry. Co.,* 420 F.Supp. 483, 485 (D.S.C.1975), *aff'd,* 542 F.2d 1170 (4th Cir.1976); Wright & Miller, § 2727 at pp. 539–542 (1972).

### Conclusion

Since we find that the cause of action can only survive if the gathering in question was a school board "meeting," that the defendants have presented conclusive evidence that the gathering was not a "meeting," and that Nabhani has produced no evidence to the contrary that would put this conclusion in issue at trial, the Court grants summary judgment in favor of the defendants. It is so ordered.