Richard SANTINE, Plaintiff,

v.

Donald ROBERTS, W.P.D., et al., Defendants.

Civ. A. No. 85–337.

United States District Court, D. Delaware.

June 16, 1987.

Richard Santine, pro se.

Frederick H. Schranck, City Solicitor's Office, Wilmington, Del., for defendants.

LONGOBARDI, District Judge.

Plaintiff filed this action under 42 U.S.C. § 1983. Presently before the Court are cross-motions for summary judgment.[1] Plaintiff has moved for summary judgment based on the Defendants' failure to timely file a brief. Docket Item ("D.I.") 31. The United States Magistrate has recommended that Plaintiff's motion be denied based on the fact that Defendants had been granted an extension of time in which to file their brief. D.I. 34. The Court will adopt the Magistrate's recommendation and Plaintiff's motion will, therefore, be denied.

The Magistrate has recommended that Defendants' motion for summary judgment, D.I. 25, be granted. *Id.* Though in part for different reasons than those set forth by the Magistrate, the Court will grant Defendants' motion for summary judgment.

Defendants assert two grounds in support of their motion for summary judgment. First, Defendant Roberts asserts that he did not act under color of state law in swearing out the complaint against Plaintiff and that Plaintiff is, therefore, unable to state a claim under section 1983. The Magistrate accepted this argument and recommended that the motion be granted with respect to Defendant Roberts on that

---

1. As the Magistrate noted in his report, Defendants filed their motion as a motion to dismiss. Since the motion relies on material outside the pleadings, it will be treated as a motion for summary judgment. Fed.R.Civ.P. 12(b).

basis. For the reasons discussed below, the Court cannot agree.

■ The Magistrate correctly pointed out that the "mere fact that the person who swore out the complaint was a police officer did not automatically transform the action to one arising under color of state law." (D.I. 34, p. 7). It is well established that an act purely private in nature cannot be made the basis of a section 1983 action simply because it is carried out by one who happens to be a public official. *Perkins v. Rich,* 204 F.Supp. 98 (D.Del.1962), *aff'd,* 316 F.2d 236 (3d Cir.1963). Defendants rely heavily on *Perkins* for the broad proposition that the act of swearing out a complaint is purely private in nature and cannot form the basis of a 1983 action. The facts of *Perkins,* however, are far different from those presented here. In *Perkins,* the defendant, a police inspector, received an obscene phone call in the middle of the night at his residence. The next morning, he went to a nearby police station and swore out a complaint. This Court held that the defendant's act in swearing out the complaint was purely private and was not carried out under color of state law.

The facts in *Perkins* stand in sharp contrast to those presented here. In the instant case, while it may be true that anyone present in court the day Plaintiff's bail conditions were announced could have sworn out a complaint against him, the fact remains that Defendant was present in court and, thereby, learned of the bail conditions only in connection with his duties as a police officer. Further, Defendant Roberts observed Plaintiff on the streets while he was on official duty, signed the complaint on police department stationery and listed his address as that of the police station. While these facts are not alone dispositive, they weigh against Defendant Roberts' contention that he was not acting under color of State law. For all of these reasons, the Court cannot hold as a matter of law that Defendant Roberts was not acting under color of state law. Defendants' motion for summary judgment, therefore, cannot be granted on that basis.

■ The second ground raised by Defendants in support of their motion for summary judgment is that based on their conduct in swearing out the complaint and executing the arrest warrant, respectively, they are entitled to immunity. It is well settled that police officers are entitled to qualified and not absolute immunity. *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Qualified immunity is available only if an officer's conduct conforms to a standard of "objective legal reasonableness." *Harlow v. Fitzgerald,* 457 U.S. 800, 819, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). That standard is satisfied if the officer's conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 818, 102 S.Ct. at 2738.

Plaintiff argues that Defendants are not entitled to immunity. He contends that the warrant procured by Defendant Roberts and executed by Defendant Koumpias is invalid. In a letter dated January 27, 1987, the Court provided the parties an opportunity to submit affidavits concerning the validity of the warrant. The affidavits submitted do not provide a sufficient basis for the Court to resolve this question. Resolution of the issue is unnecessary, however, for even assuming *arguendo* that the warrant was somehow invalid, Defendants are nevertheless entitled to immunity.

■ It is well established that a warrantless arrest by a police officer in a public place for a misdemeanor or felony committed in his presence does not violate the fourth amendment if the arrest is supported by probable cause. *See United States v. Watson,* 423 U.S. 411, 418, 96 S.Ct. 820, 825, 46 L.Ed.2d 598 (1976); *United States v. Bush,* 647 F.2d 357, 366 (3d Cir.1981). Indeed, Delaware law expressly authorizes such an arrest. 11 Del.C. § 1904. Thus, so long as the officers in this case had probable cause to believe an offense was being committed in their presence, it is immaterial that the warrant may have been facially invalid. *See Wilson v. Attaway,* 757 F.2d 1227, 1239 (11th Cir. 1985) (Where the person arrested commit-

ted a misdemeanor in the presence of the arresting officers, the arrest is valid whether the officers acted pursuant to a defective warrant or no warrant at all.) If probable cause for arrest existed, the officers are entitled to immunity.[2] *See Deary v. Three Un-Named Police Officers*, 746 F.2d 185, 192 (3d Cir.1984).

■ In determining whether the Defendants had probable cause to arrest Plaintiff, the Court must assess whether "the facts and circumstances within the [officers'] knowledge are 'sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense.' " *United States v. Glasser*, 750 F.2d 1197, 1205 (3d Cir.1984), *cert. denied*, 471 U.S. 1018, 105 S.Ct. 2025, 85 L.Ed.2d 306 (1985) (quoting *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964)).[3] Defendant Roberts was present in court the day Plaintiff's bail conditions were imposed and was thus aware of the conditions. He personally observed Plaintiff loitering in Wilmington on June 18, 1984, in violation of the bail conditions. Moreover, before swearing out the complaint against Plaintiff, Defendant Roberts checked with the New Castle County Prothonotary's Office to verify that the conditions were still in effect. It is thus clear that probable cause existed for Plaintiff's arrest. *See United States v. George*, 625 F.2d 1081 (3d Cir. 1980). Defendants are, therefore, entitled to immunity.

The Court's conclusion is in no way diminished by the fact that Defendant Koumpias, the arresting officer, may not have had personal knowledge of the underlying facts establishing probable cause for Plaintiff's arrest. While on duty on June 21, 1984, Defendant Koumpias was advised over the police radio by Defendant Roberts that a warrant had been issued for Plaintiff's arrest. Defendant Koumpias was clearly entitled to rely on the information conveyed by Defendant Roberts in making the arrest. As the Supreme Court has recognized, "effective law enforcement cannot be conducted unless police officers can act on directions and information transmitted by one officer to another." *United States v. Hensley*, 469 U.S. 221, 231, 105 S.Ct. 675, 682, 83 L.Ed.2d 604 (1985) (quoting *United States v. Robinson*, 536 F.2d 1298, 1300 (9th Cir.1976)). It is thus clear that the arresting officer need not have personal knowledge of the specific facts establishing probable cause. *Id.* at 230, 231, 105 S.Ct. at 681, 682. *See also Heine v. Connelly*, 644 F.Supp. 1508, 1514 (D.Del. 1986). Instead, when determining whether the arresting officer had probable cause to arrest, the Court must look not only to the personal knowledge of the arresting officer but to the personal knowledge of the officer or officers supplying information to him.[4] In the instant case, Defendant Roberts' personal knowledge of the facts establishing probable cause for Plaintiff's arrest, coupled with his communication to Defendant Koumpias by police radio, estab-

2. In a letter dated March 31, 1987, the Court provided the parties an opportunity to address the issue of whether the Defendants would be entitled to immunity if Plaintiff's arrest was supported by probable cause. In reaching its decision, the Court has considered the arguments presented by the parties on this issue.

3. Plaintiff has gone to great lengths to argue that because the Superior Court of Delaware issued a writ of habeas corpus on the criminal charge underlying his section 1983 claim, the Defendants cannot be immune. The mere fact that a writ of habeas corpus was ultimately issued, however, does not itself undermine the validity of the arrest. *See Michigan v. DeFillippo*, 443 U.S. 31, 36, 99 S.Ct. 2627, 2631, 61 L.Ed.2d 343 (1979) (That a suspect may ultimately be acquitted is irrelevant to the validity

of the arrest.) The relevant inquiry for the Court is whether at the *time of arrest* the officers had probable cause to believe an offense had been or was being committed. *Glasser*, 750 F.2d at 1206.

4. *See, e.g., United States v. Willis*, 759 F.2d 1486, 1494 (11th Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 144, 88 L.Ed.2d 119 (1985), ("A reviewing court may examine the collective knowledge of law officers if they maintained at least a minimal level of communication during their investigation."); *United States v. Calhoun*, 542 F.2d 1094 (9th Cir.1976), *cert. denied*, 429 U.S. 1064, 97 S.Ct. 792, 50 L.Ed.2d 781 (1977) (That the arresting officer did not personally have probable cause did not invalidate an arrest since his superiors, who ordered him to make the arrest, had probable cause.)

lished probable cause for Defendant Koumpias' arrest of Plaintiff.[5] Both Defendants are, therefore, entitled to immunity.

---

5. While Defendant Roberts apparently did not specifically advise Defendant Koumpias that probable cause existed for Plaintiff's arrest, he did advise Defendant Koumpias that an arrest warrant had been issued. Defendant Koumpias was entitled to assume that the warrant was supported by probable cause. *See Whiteley v. Warden,* 401 U.S. 560, 568, 91 S.Ct. 1031, 1037, 28 L.Ed.2d 306 (1971). Thus, the mere fact that Defendant Roberts did not utter the words "probable cause" does not defeat Defendant Koumpias' claim of immunity.